105   237
f108 295

105   237
124   532

J. P. GALLAGHER v. W. F. GINGRICH AND C. O. GINGRICH, Defendants, ALVORD SAVINGS BANK, Appellant.

**Receivers:** EXPENSES OF: *Priority.* The compensation and expenses of the receivership will not be deferred to payment of existing liens where the appointment of the receiver is legal, although the appointment was made without prejudice to the pre-existing liens, and the assets are insufficient to pay them and the expenses of the receivership. *Distinguishing Hanna v. State Trust Company*, 36 U. S. App. 61; 70 Fed Rep. 2; 30 L. R. A. 201; 16 C. C. A. 586.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD. Judge.

SATURDAY, APRIL 9, 1898.

PLAINTIFF brought this action against the defendants, his co-partners, doing business under the name of Alvord Milling Company, alleging that said co-partnership was insolvent, and praying that its affairs be wound up and a receiver appointed.    By consent of said co-partners, E. H. Parch was appointed receiver, and proceeded to settle the affairs of said co-partnership under the orders of the court.    The Alvord Savings Bank, a creditor of said co-partnership, had an attachment lien upon the property of the co-partnership at the time the receiver was appointed, subject to several other liens prior thereto.    Under an order of the court, the receiver sold the property, said Alvord Savings Bank being the purchaser.    In closing up the affairs of said receivership, it was ordered by the court that the receiver be allowed a compensation of sixty dollars per month from January 28 to November 26,

1895, and fifty dollars were allowed for the receiver's attorney. It was also ordered that certain sums be allowed to the miller and to the engineer employed by the receiver in operating the mill, and that fifteen dollars and eleven cents for coal be also allowed. It was also ordered "that the receiver's expenses be a first charge upon the proceeds of the property sold by the receiver. The purchaser of said property, the Alvord Savings Bank, is hereby ordered to pay into the hands of the receiver the purchase price of the property so sold, the sum of five hundred fifty-three and 26-100 dollars, to all of which the Alvord Savings Bank excepts." From this order, the Alvord Savings Bank appeals.—*Affirmed.*

*J. M. Parsons* for appellant *Alvord Sav. Bank.*

*E. E. Wagner* for appellee *E. H. Parch.*

GIVEN, J.—The proceeds arising from the sale of the partnership property are insufficient to pay the several liens thereon and costs and expenses of the receivership. Appellant, holding the junior claim, and being the purchaser of the property, insists that the receiver took the property subject to all liens existing against it at the time; that the liens are entitled to preference over the costs and expenses of the receivership; and that, if the assets are not sufficient to pay both, the receiver must look to the parties who caused his appointment for his compensation and expenses. *Hanna v. Trust Co.*, 16 C. C. A. 586 (70 Fed. 2), is relied upon to support this contention. The question of the expenses of the receiver incurred in winding up the business was not involved in that case. The contention was as to whether the receiver should be permitted to borrow

money for the purpose of continuing the business and carrying out the contracts of the insolvent debtor. In *Radford v. Folsom*, 55 Iowa, 276, it is said: "It is believed that the authorities uniformly hold that when no question is made as to the legality and propriety of the appointment of the receiver, and he has closed up the business in pursuance of his appointment, his compensation should be paid from the funds in his hands." See, also, *Jaffray v. Raab*, 72 Iowa, 335; *St. Paul Title, Insurance & Trust Co. v. Diagonal Coal Co.*, 95 Iowa, 551. No question was made as to the legality and propriety of the appointment of this receiver; neither was it questioned that the items allowed were just. The contention is that their payment must be deferred to the payment of existing liens, but such is not the law.

The fact that the appointment of the receiver was made without prejudice to any liens of the appellant acquired by its attachment did not deprive the court of the right to order the expenses of the receivership to be first paid out of the assets. The judgment is AFFIRMED.

LADD, J., takes no part.