[Filed Feb. 11, 1890.]

## F. P. HEMBREE ET AL., APPELLANTS, *v.* I. R. DAWSON ET AL., RESPONDENTS.

RECEIVERS—COMMISSIONS—DISCRETION OF COURT.—Where the plaintiffs in a suit against defendants to declare void a certain instrument held by the latter, which affected certain personal property that the plaintiffs had a lien upon, procured the appointment of a receiver to manage and sell this property, who accordingly sold it, and held the proceeds subject to the order of the circuit court by which he was appointed, and it was found upon the trial of the suit that the instrument constituted a valid chattel mortgage against the property, in favor of the defendants, given to secure debts far in excess of the proceeds arising from the sale of the property; *held,* notwithstanding that an order of the court directing the receiver to retain out of such proceeds his commissions and expenses incurred in conducting the business, before applying the fund to the payment of the defendants' debt, was within the discretion of the court, which should not be interfered with, where it was not shown to have been abused.

APPEAL from two decisions of the circuit court for the county of Yamhill, upon collateral questions arising out of a suit pending in that court.

The merits of the said suit were determined upon appeal to this court. The case will be found reported in 16 Cr. 153. After it was remanded to the said circuit court for final disposition, that court, upon motion of the respondents' counsel, and against the objection of the appellants' counsel, allowed to the receiver, who had been appointed in the suit soon after its commencement, the sum of $1,269.15, on account of his commissions and expenses incurred therein. Thereupon the appellants' counsel included in their bill of costs and disbursements said amount allowed to the receiver, as an item of such disbursements, which the clerk of said circuit court disallowed, and the court, on appeal from the taxation of costs by the clerk, affirmed. These constitute the two decisions referred to.

*Milton W. Smith,* for Appellants.

In a case where a receiver is wrongfully appointed, his commissions and expenses are not properly chargeable against the fund in his hands. High Rec., § 796; *Howe* v. *Jones,* 66 Iowa, 156, 161; 23 N. W. Rep. 376; *Lammon* v. *Giles,* 3 Wash. T. 117, 123; 13 Pac. Rep. 417. Where a receiver is wrongfully appointed, the court should allow

the defendant to tax as part of his disbursements the commissions and expenses of the receiver, if he is allowed to deduct them from the funds in his hands. High Rec., § 796; *Hutchinson* v. *Hampton*, 1 Mont. 39; *French* v. *Gifford*, 31 Iowa, 428; *Howe* v. *Jones*, 66 Iowa, 156; 23 N. W. Rep. 376; *Johnson* v. *Garrett*, 23 Minn. 565; *Verplanck* v. *Insurance Co.*, 2 Paige, 438, 453.

*H. Hurley*, for Respondents.

PER CURIAM.—We are of the opinion that the decision of the circuit court herein, allowing to the receiver his commission and expenses out of the funds in controversy, should not be disturbed. The appointment of the receiver, under the view presented by the respondents, was correct; and although they failed to maintain the suit, still the appointment was proper, as the respondents had a residuary interest in the property mortgaged, and, although the mortgagees had priority, they were creditors of the mortgagors, and had a lien by virtue of their attachments on any surplus which might remain after the mortgage was satisfied. The cases cited by the appellants' counsel, in which it was held that the allowance to a receiver for compensation out of the fund in suit was error, are cases where the parties intervening in the suit, and procuring the appointment of receivers, were mere interlopers who had no interest in the subject matter of the suit, under any view. Here the case was otherwise, and hence it was within the discretion of the circuit court to allow the receiver his commissions and expenses out of the property; and we are not authorized to interfere with that discretion, unless satisfied that it has been abused, which the evidence shows was not the case. This view, upon this decision of the circuit court, being adverse to the appellants, necessarily determines the decision of the other question against them, as their right to tax the item allowed to the receiver, as a part of their disbursements, depended upon the right of the court to allow it out of the fund.

Both decisions will therefore be affirmed.