DANIEL B. WESSON, for the Benefit of Himself and Other Creditors, etc., of GEORGE D. CHAPMAN, as Receiver of THE LACKAWANNA AND PITTSBURGH RAILROAD COMPANY, Plaintiff, *v.* GEORGE D. CHAPMAN, as Receiver of THE LACKAWANNA AND PITTSBURGH RAILROAD COMPANY, and Others, Defendants.

In the Matter of the Claim of R. DUNLAP & CO., Creditors, Against GEORGE D. CHAPMAN, as Receiver of THE LACKAWANNA AND PITTSBURGH RAILROAD COMPANY.

*Receiver of a corporation — not a representative of the corporation — he cannot issue notes or certificates without an order of the court — notes improperly issued — when holders thereof are entitled to equitable relief.*

The receiver of a corporation is not a representative thereof, in such sense as to charge it with liability by reason of his improper conduct. He is simply the instrument employed by the court to take charge of the *corpus* of the estate pending a litigation.

Without an order of the court a receiver has no power to issue notes or certificates which are binding upon the trust estate, and purchasers of notes issued

by a receiver as such without authority, who could have discovered by an examination of the same that they did not purport to be issued by authority of the court, have no claim thereon against the trust estate.

While it is not incumbent upon the holders of notes or certificates, issued by a receiver pursuant to an order of the court, to show that the proceeds of the sales thereof were devoted by such receiver to the benefit of the trust estate, the same rule cannot be held to apply to the holders of notes issued without authority, and the holders of such notes must at least show that the money paid therefor was used for the benefit of the trust estate before they can make a claim for equitable relief.

APPEAL by Robert Dunlap & Co. and another from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 11th day of July, 1892, upon the report of a referee, and from so much thereof as determines that the appellants are not entitled as creditors of the receiver to a lien against the property of the trust estate.

*R. Floyd Clark,* for the appellants.

*William L. Marcy,* for the respondents.

LEWIS, J.:

This action was commenced by the plaintiff, Daniel B. Wesson, in behalf of himself, as the owner and holder of receiver's certificates, and others similarly situated, to obtain a judgment declaring their claim a first lien upon the said railroad property and franchises, and for the sale thereof, etc.

The action was referred to James M. Townsend, Jr., as sole referee, to hear, try and determine the issues in said action, and to ascertain the amount of the outstanding indebtedness of the receiver, George D. Chapman, together with the names of the holders of said indebtedness and the amounts due to each, and the validity and priority of said claims as liens upon the property and franchises of the Lackawanna and Pittsburgh Railroad Company. The referee found as facts that the Lackawanna and Pittsburgh Railroad Company is a domestic corporation, created and existing under the laws of the State of New York; that it was formed by the consolidation of two other railroads which constituent railroad companies had theretofore mortgaged their respective properties to secure their bonds, and that the new company had also mortgaged its property to secure

its bonds, and that thereafter, and on the 8th day of December, 1884, an action was commenced in the name of the People of the State of New York for the purpose of dissolving said corporation and distributing its assets; that at a Special Term of the Supreme Court, held in the city of Buffalo, George D. Chapman was duly appointed receiver of said company, and thereafter, on the application of said receiver, an order was granted authorizing and directing him to issue receiver's certificates to the amount of $100,000, to be sold by him and the proceeds of the sales used for the benefit of the property of said road, and of the owners and holders of its stock and bonds. The order provided that the certificates when issued should be and become the first lien on the said railroad property and franchises prior to the lien of said mortgages. Said Chapman issued certificates amounting to $100,000; ten of said certificates he sold to the plaintiff, who paid therefor full value, to wit, the sum of $10,000; the certificates became due and payable on the 1st of January, 1890. Thereafter, upon the application of said receiver, an order was duly granted by the Supreme Court authorizing him to issue receiver's notes to the aggregate amount of $50,000; the order provided that when so issued they should be a lien upon all the railroad property and franchises of said Lackawanna and Pittsburgh Railroad Company prior and superior to the liens of said mortgages mentioned; under the authority thus conferred said receiver duly issued and negotiated receiver's notes to the amount of $50,000, of which there were at the date of the referee's report $45,000 outstanding. Some of said notes were sold at par by the receiver; others were pledged as collateral security to his individual notes, which were sold at less than par, the aggregate amount realized being $44,000. The receiver operated the road from the time of his appointment in December, 1884, to September 1, 1888, and during most of the time the receipts and income therefrom were not sufficient to pay its current expenses. Attached to each of the genuine notes issued by the receiver was a certificate which stated that the notes were issued pursuant to an order of the court authorizing their issue; that they were to be a debt of the receiver for the benefit and protection of the property of said railroad and of the creditors and holders of the stock and bonds thereof, and were to be a first lien on said property

prior to the lien of the said several mortgages. After the said receiver had issued the said notes to the amount of $50,000, and after he had ceased to operate and manage the road as receiver, and in the month of December, 1888, he entered into negotiations with the appellants looking to the borrowing of $10,000 from them, and to accomplish his purpose he issued what purported to be receiver's notes to the amount of $10,000, and sold them to the appellants at par, they believing them to be the genuine notes of the receiver when they purchased them. There was attached to said notes so sold to the appellants a writing which recited that they were issued as the notes of George D. Chapman, as receiver of said road; it did not, however, state by what authority they were issued nor that they were to be a first lien upon the railroad property and its franchises. The appellants at the hearing before the referee presented their notes and asked to have them allowed as a claim against the receiver and the railroad company with the same force and effect as the certificates and notes issued as aforesaid by virtue of the orders of the court. It was not shown that the proceeds of the appellants' notes, nor any part thereof, were in any way used for the benefit of the railroad; as their sale to the appellants occurred after the receiver had terminated his connection with the road it is quite evident that they were not so used. The referee held that the appellants were not entitled to come in as creditors of the railroad company and participate in the assets of the company. The report of the referee having been confirmed and judgment entered thereon this appeal was taken by Dunlap & Co. The case comes here upon exceptions only. No evidence is contained in the record, so that questions of law only are presented. It is the contention of the appellants that having advanced money to the receiver appointed by the court upon the strength of notes purporting to be issued by him as such receiver, that they are entitled to share *pro rata* with the holders of genuine certificates and notes in the assets of the company; if not tò the full amount of their notes, to at least the sum of $6,000, which the receiver had not obtained from the sales of the notes of $50,000 issued by the order of the court, there being, the appellant contends, an actual over issue of only $4,000. Without the order of the court the receiver had no power to issue notes or certificates which would be binding upon the trust estate.

(*Newbold* v. *Peoria & Springfield R. R. Co.,* 5 Bradw. [Ill.] 367.)

He had no authority to issue the notes purchased by the appellants, and had the appellants examined the notes and the accompanying papers before purchasing them they would have discovered that they did not purport to be issued by authority of the court. While it would not be incumbent upon the holders of notes or certificates issued by the receiver pursuant to the order of the court to show that the proceeds of the sales were devoted by him for the benefit of the road, the same rule cannot be held to apply to the holders of notes issued without authority.

The holder of such notes must at least show that his money was used for the benefit of the estate before he can make a claim for equitable relief. The receiver had exhausted his powers when he issued the amount of notes provided for in the order, and when he assumed to issue the notes purchased by the appellants he was acting outside of the power conferred upon him, and to permit the holders of such notes to participate in the assets of the company upon an equality with those holding genuine notes would destroy the market value of genuine certificates or notes issued by receivers under the order of a court; to allow such instruments to take precedence of existing mortgages would destroy the market value of such securities. The cases to which we are referred where courts have given relief to the holders of stock and instruments improperly issued by directors of corporations, the corporations were held liable for the reason that the improper conduct was that of their agents or representatives. The receiver here was not the representative in that sense of the corporation; he was simply the instrument employed by the court to take charge of the *corpus* of the estate pending the litigation. We know of no principle upon which plaintiff's notes can be reformed so as to make them appear to have been issued by order of the court. The only remedy open to the appellant is against the receiver personally.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.