Monks, C. J.
Appellant filed exceptions to the final report of Binz, receiver of the Shelburn Coal Company, the cause was tried by the court and at request of appellant a special finding of facts wai made and conclusions of law stated thereon. Appellant excepted to each conclusion of law. Judgment was rendered in favor of the receiver which appellant filed a motion to modify and the same was overruled by the court. The assignment of errors calls in question the action of the court in overruling the motion to modify the judgment,, as well as each conclusion of law.
It appears from the special finding that on September 9, 1893, one Richards was appointed by the court below receiver of the Shelburn Coal Company in tlie action of Kirkman et al. v. Shelburn Coal Co., No. 7605. That he continued to act as such until May 31, 1894, when he filed a partial report and was discharged. On *284 April 24,1894, Mary McClure and another commenced an action, No. 7820, in the court below, to foreclose the first mortgage on the property of said coal company. Appellant Heisen held the second mortgage on said property for about $21,000.00 and he and the Coal Company, Richards, receiver, and other junior lien holders were made defendants to said action. On the 29th of May, appellant appeared to said action, and on May 31, McClure et al., the plaintiffs below in this action, filed a petition for the appointment of a receiver and appellee, Binz, was appointed receiver and ordered to operate said coal mine in compliance with said petition; that appellant, a defendant in said action, was present in open court in person and by attorney when said appointment was made, and took no exception thereto. -On June 13, causes 7605 and 7820 were consolidated under the No. 7820, and all prior orders and entries were ordered continued in force; that when said causes were consolidated and orders made, appellant Heisen, was present by attorney and made no objections thereto. On the same day, appellant filed a cross-complaint in said action making defendants thereto said plaintiffs, McClure et al., and all his co-defendants. The defendants to said cross-complaint all appeared and filed answers thereto. Appellant in his cross-complaint asked the court to appoint a receiver for said Shelburn Coal Company during the time said action was pending and until the sale and during the year of redemption,and on June 29, the court appointed appellee, Binz, receiver, and ordered him to operate said coal mine as prayed for in said cross-complaint. On June 27, 1894, the court rendered final judgment and decree of foreclosure in said cause in favor of each mortgagee, and personal judgments were rendered against the coal company, and the property of said company was ordered sold by the sheriff *285 on said decree to satisfy said liens, subject to all the equities, rights and liabilities, if any, for the expense and costs made by the receivers, Eichards and Binz. That all the property of said coal company was sold under said decree on July 28,1894, for the full amount of appellant’s judgment and decree, and all liens senior thereto, including the costs, to appellant by the sheriff, and a certificate of such sale executed to him. The order appointing said Binz receiver on said cross-complaint was made and entered after said decree of foreclosure, and provided that said receiver should create no indebtedness against the property in his hands as such receiver except such as was authorized by the court or judge thereof, upon notice given to, or on application of the attorneys representing the lien holders of the purchaser at sheriff’s sale. On July 14, the receiver obtained an order of court to borrow money of appellant and issue receiver’s certificates therefor, which should be a first lien on said property, the same to be used to purchase certain machinery to be used in said mine and to pay the pay roll then due for wages earned during the month of June, 1894; that the same was used to pay the wages of employes for the month of June, 1894; that on March 29, 1895, the Shelburn Coal Company filed a written waiver of the right to redeem from said sale to appellant, and Binz, receiver, appellee, filed his final report and resignation, and said property in the hands of such receiver, including the uncollected accounts due him as receiver, amounting to $1,124.23, was surrendered and delivered to appellant by order of the court.
That before appellee Binz was appointed receiver there had been an explosion in said mine and the air shaft to said mine filled up to within twenty feet of the top, and successfully and lawfullly to repair said air shaft, it was necessary to remove the debris therein *286 from the bottom to its top, a depth of 230 feet. That said Binz, receiver, received while acting as such from all sources $13,972.45, and expended $13,762.20, leaving a.balance in his hands of $210.25. That there is due for wages at contract price $1,502.94; for items of merchandise purchased for and used in said coal mine $1,381.40, and for borrowed money due appellant $1,652.17, evidenced by receiver’s certificates issued by order of court.
That all the expenditures made by said receiver during his receivership, including the unpaid liabilities, were made for the preservation and operation of said mine and were for labor and material in operating said mine and in cleaning up and repairing the same, so that it could be lawfully operated, and for machinery and the repairs thereof and the necessary appliances in the operation of said mine; that all of said expenditures were made and liabilities incurred in good faith with the knowledge of appellant, and the same were reasonable and necessary. Appellee, on request and demand of appellant, made daily reports in writing to appellant of daily doings as such receiver, and filed monthly reports thereof with the clerk of the court below. That when appellee, Binz, was appointed receiver the judge appointing him directed him to employ an attorney, naming him, and the receiver employed the attorney named. The attorney acted as such for two months, when the receiver employed another attorney, who rendered services from September 1, 1894, until said receiver resigned.
That the reasonable value of the services of said receiver was $110.00 per month, and four hundred dollars thereof allowed thereon by the court has been paid.
The court in its conclusions of law held that all the unpaid indebtedness, with the exception of some re *287 ductions made by the court was valid and legal, and that there was yet due Binz, receiver, appellee, $810.00 less $37.50 for services, and that all of- said liabilities together with the amount of the receiver’s attorney’s fees were adjudged as a first lien and charge on the property purchased by appellant at sheriff’s sale and turned over by the receiver to him, and that said report be approved.
Appellant insists “that the court erred in approving the receiver’s report and declaring said indebtedness lawful, and a lien on the property held by appellant as purchaser at the sale under the decree of foreclosure of his mortgage, for the following reasons:
First. The purchaser bought on the existence of an order denying the receiver such right, and the debts, are in disobedience to that order.
Second. The court could not have made such an order pending the time allowed for redemption except upon the consent of the purchaser and mortgage creditors.”
It will be observed that when the decree of foreclosure was rendered on June 27,1896, in favor of appellant, it was expressly stipulated in the decree that the mortgaged property should be sold subject to all the equities, rights and' liabilities, if any, for the cost and expense made by the receiver, Binz, and that on June 29, appellee, Binz, was appointed receiver on motion of appellant. Said property was sold under this decree, subject to all the rights and liabilities, if any, for the cost and expense made by Binz as receiver.
The application to the court to borrow money filed June 14, and August 21, 1894, as shown by~the special findings, was to procure money to pay indebtedness for labor, so that the court below knew, and ap *288 pellant knew that the receiver was and had been from the date of his appointment on appellant’s application creating indebtedness. Appellant had full knowledge of what the receiver was doing, he demanded and received from the receiver each day a written report of his acts as such receiver. Appellee, as receiver, also made monthly reports to the court of his doings, as such receiver, and the court below and appellant had full knowledge from these reports that the receiver was creating indebtedness for machinery, supplies, repairs, labor and other expenses. Appellant stood by and allowed large sums of money to be expended and liabilities incurred in improving the property, in purchasing and repairing necessary machinery which added largely to the value of the property, and when the receiver resigned, took possession of said property with its added value and received from the receiver, accounts for coal sold by him amounting to fl,124.23, at the time of making the final report. He procured the appointment of the receiver, and had the right at any time to interpose and ask the court to order that the receiver take no further steps in operating the mine, or in putting it in condition to be lawfully operated. The appellant, the receiver, and the court below do not seem from their conduct during the receivership to have understood said order as directing the receiver not to incur indebtedness for labor and other expense in repairing and operating said mine and preserving the property, but only as requiring an order of court before the receiver could create an indebtedness by borrowing money. Indeed, it was hardly possible to have operated the mine and not become indebted for labor and other expenses from one pay- day to another at least. Under the provisions of section 779, Bums’ R. S. 1894 (767, R. S. 1881), the Shelburn Coal Company, the owner of the real estate purchased by *289 appellant was entitled to the possession and profits thereof for one year from July 28,1894, the day of sale, and the only theory upon which appellant would be entitled to receive the said accounts, amounting to 81,124.33, was that the property being liable for said indebtedness incurred by the receiver, appellant was therefore entitled to receive and collect said accounts and apply the same on the said indebtedness. Under all the circumstances in the case,, we do not think appellant is in a position to assert the propositions urged by him, even if their correctness were conceded. He should have acted promptly, and not waited until the debris wras removed from the mine and the machinery put in repair, and the property was in good condition to be operated as a mine, and then, after receiving the same, as well as the uncollected accounts due the receiver and the benefit of all the labor and expense, attempt to avoid the liabilities incurred for such purpose. This, equity and good conscience will not permit.
The fact that the first attorney was discharged by the receiver and another employed did not increase the expense of attorney’s fees, but the amount that wrould have been allowed to one, if he had rendered all the services, was divided between the two. Appellant’s burdens were not therefore increased, and he has no just grounds to complain of the conclusion of law as to the compensation of the attorney employed in September.
If the trial'court had refused to ratify the act of the receiver in discharging the first'attorney, and employing the second, a different question would have been presented.
It appears from the special finding that Binz, receiver, appellee, served as such receiver ten months, less two days, and that his services were worth $110.00 per month, and that he had been paid $400.00. The bal *290 anee due after deducting $400.00 appellant insists would be $692.67, from which appellant insists $210.00, the balance on hand as shown by the special finding, should be deducted, and there would remain $482.67. It is stated in one of the conclusions of law that the balance due Binz, appellee, for services as receiver is $810.00 less $37.50. The court erred in ■this conclusion of law. It should have been stated that the balance due Binz, appellee, for services as receiver was $482.67, less $37.50, leaving the amount due $445.17.
The judgment is affirmed at the cost of appellee in this court, on condition that appellee enters in the court below a remittitur of all the allowance and judgment in his favor in excess of $445.17 within thirty days, otherwise the judgment as to the amount due the appellee for services as receiver, is reversed, with instructions to the lower court to restate the fifth conclusion of law so as to show $445.17 as the balance due appellee for services as receiver after deducting all credits, and render judgment accordingly.