Argued 13 January; decided 15 April, 1901.

## U. S. INVESTMENT CORP. v. PORTLAND HOSPITAL.

[56 L. R. A. 627, 64 Pac. 644, 67 Pac. 194.]

APPEAL—SERVICE OF NOTICE ON PARTIES IN DEFAULT.

1. The amendment of Section 537 of Hill's Ann. Laws, by the act of 1899, regulating the method of taking appeals to the supreme court (Laws, 1899, p. 228), was intended to modify the existing statute by relieving the appellant from the obligation of serving the notice of appeal on adverse parties who have not appeared, and now the notice need be served on only those parties who have appeared.

RELATIVE RANK OF MORTGAGES AND RECEIVER'S DEBTS.

2. Primarily, a receiver is a specially appointed officer of the court whose duty is to preserve the property involved until the litigation shall be ended, and the expenses incurred in so doing, together with a reasonable compensation, constitute a first charge on the property and its income; but other debts of a receiver will not be preferred to prior contract liens unless such preference is given in the order authorizing the obligation to be incurred or in the order approving and ratifying it.

POWER TO MAKE RECEIVER'S DEBTS A PREFERRED LIEN.*

3. In appointing receivers of corporations not *quasi* public in character, or authorizing their receivers to continue the business of such corporations, courts of equity cannot, without the consent of prior lien creditors, decree that the debts of such receivers incurred in carrying on the business of the defendant corporation shall take precedence over prior contract liens: *Mc-Cornack* v. *Salem Ry. Co.* 34 Or. 543, and *Merriam* v. *Victory Min. Co.* 37 Or. 321, approved and followed.

RECEIVERS—PRIORITY OF RECEIVER'S DEBTS.

4. The fact that a receiver of a private corporation has made an inequitable application of part of the income from the property of the defendant does not change the relative rights of any interested party, or give the creditors of the receiver precedence over mortgage creditors of the defendant whose rights had been fixed before the receivership.

---

*Receiverships of Quasi-Public Corporations.*

RELATIVE RANK OF MORTGAGES AND UNSECURED DEBTS.—The following late cases contain, in the prevailing opinions, the dissenting opinions, the briefs of counsel and the monographic footnotes, a very thorough discussion of the right of unsecured general claims (exclusive of statutory liens and claims for torts) against *quasi* public corporations to payment before the claims of prior contract creditors.

ALLOWED.—In these cases the unsecured claim was allowed precedence: *Southern Ry. Co.* v. *Carnegie Steel Co.* 176 U. S. 257 (20 Sup. Ct. 347); *Atlantic Trust Co.* v. *Woodbridge C. & Irrig. Co.* 79 Fed. 37, 86 Fed. 975;

Suit by the United States Investment Corporation, Limited, and Percy H. Blyth, against the Portland Hospital and others to foreclose a mortgage. There was a decree for plaintiffs, from which W. Y. Masters, receiver of the hospital, appeals, claiming precedence for the creditors of the receiver over the mortgage of plaintiff that had been given some years before the receivership began. A motion to dismiss the appeal was overruled, and the decree of the trial court upheld.

MOTION OVERRULED; AFFIRMED.

Decided 15 April, 1901.

ON MOTION TO DISMISS APPEAL.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a motion to dismiss the appeal because notice thereof was not served upon the Portland Hospital, E. H. Habighorst, trustee, J. Benson Starr, and Charles H. Chance, whose interests, it is contended, are adverse to the appellants. These parties did not appear in the court below, but made default. Prior to the amendment of Section 537, Hill's Ann. Laws (Laws 1899, p. 228), the statute required the notice of appeal to be served on all parties whose interests in relation to the judgment or decree appealed from were in conflict with the reversal or modification sought, notwithstanding such parties may have been in default: (*Moody* v. *Miller*, 24 Or. 179, 33 Pac. 402; *Jackson County* v. *Bloomer*, 28 Or. 110, 41 Pac. 930); but the section as amended provides that if the appeal is not taken at the time the judgment is rendered, it may be taken within a specified time thereafter, by serving a notice thereof on such adverse party or parties as have appeared in the action

---

*Farmers' L. & Trust Co.* v. *American Waterworks Co.* 107 Fed. 23; *McIlhenny* v. *Binz*, 26 Am. St. Rep. 705; *Union Trust Co.* v. *Richmond City Ry. Co.* 48 L. R. A. 41.

DENIED.—In these cases the unsecured claim was not allowed precedence: *Lackawana I. & Coal Co.* v. *Farmers' L. & Trust Co.* 176 U. S. 298 (20 Sup. Ct. 363); *International Trust Co.* v. *T. B. Townsend B. & Contr. Co.* 95 Fed. 850 (37 C. C. A. 396); *Illinois T. & Sav. Bank* v. *Doud*, 105 Fed. 123 (44 C. C. A. 389, 52 L. R. A. 481); *Contracting & Build. Co. of Ky.* v. *Continental Trust Co.* 108 Fed. 1; *Rhode Island Locomotive Works* v. *Continental Trust*

or suit.  The manifest purpose of this change in the law was, as its language clearly indicates, to require the notice of appeal to be served only upon the parties who had appeared, and to dispense with the necessity of serving those who were in default.  There could have been no other reason for the amendment.  The motion to dismiss is therefore overruled.

MOTION OVERRULED.

Decided 13 January, 1902.

ON THE MERITS.

For appellant there was an oral argument with a brief by *Mr. William Y. Masters,* to this effect:

Portland Hospital was not organized under the private corporation law of the state, but was a public corporation: *McDonald* v. *Mass. Gen. Hospital,* 120 Mass. 432.

That these claims are a lien prior to respondents' mortgage and trust deed see:  *Hembree* v. *Dawson,* 18 Or. 474 (23 Pac. 264) ; *Hopfensack* v. *Hopfensack,* 61 How. Pr. 508; *Beckwith* v. *Corrall,* 56 Ala. 12; *Heisen* v. *Binz,* 147 Ind. 284 (45 N. E. 104) ; *Cake* v. *Mohun,* 164 U. S. 311 (17 Sup. Ct. 100) ; *Jaffray* v. *Roob,* 72 Iowa 335 (33 N. W. 349) ; *Fosdick* v. *Schall,* 99 U. S. 253; *Raht* v. *Attrill,* 106 N. Y. 423 (60 Am. Rep. 456, 13 N. E. 282) ; *Burnham* v. *Bowen,* 111 U. S. 783 (4 Sup. Ct. 675) ; *Girard Life Ins. Co.* v. *Cooper,* 162 U. S. 530; *Karn* v. *Rorer Iron Co.* 86 Va. 758.

We respectfully submit that there are three grounds upon which these receivers' claims should be adjudged a prior lien to plaintiffs' upon the property in the hands of the receiver.

---

*Co.* 108 Fed. 5 ; *Whitely* v. *Central Trust Co.* 34 L. R. A. 303 ; *Manchester Locomotive Works* v. *Truesdale,* 9 L. R. A. 140 ; *McCornack* v. *Salem Ry. Co.* 34 Or. 543.

RELATIVE RANK OF MORTGAGES AND DEBTS OF RECEIVER.—Note in 54 Am. St. Rep. at p. 404, under heading, Claims of Receiverships ; note in 71 Am. St. Rep. at p. 379, under heading, Receivers' Certificates ; and note in 83 Am. St. Rep. at pp. 72 and 75, under heading, Liens for Debts Created During the Receivership.

RELATIVE RANK OF MORTGAGES AND CLAIMS FOR TORTS COMMITTED PRIOR

I. Upon the broad principle that the receiver holds the property for the benefit of all parties interested; as much for the mortgagee as for other creditors, and all receiving the benefit, all should bear the burden. It is contended by respondent that the rule giving priority to debts incurred by receivers applies only to railroads. There is only one case in the supreme court of this state, so far as we have found passing directly upon this question and that is the case of *Hembree* v. *Dawson,* 18 Or. 474, which holds exactly the converse of respondents' contention. That decision is the rule in this state; credit has been extended to the receivers of the court on its authority, and for this court to declare a different rule at this time will tend to impair the stability of its decisions.

It is said that to allow these receiver's claims to be paid out of the proceeds of the sale of the mortgaged property would impair the obligation of the mortgage contract, but respondents concede, and the authorities they cite also hold, that this can be done in the case of a railroad. What better right, in principle, can a court have to impair the obligation of a mortgage contract on a railroad than any other property? It is claimed by respondents that the right is based on ''public convenience;'' but on what principle can ''public convenience'' take a man's property away from him without compensation? It is true that ''public convenience'' may be a ground for appropriating private property, but it is always done by giving proper and adequate compensation. We think that the only true principle on which a court can act in a case of this kind, is on the ground that the mortgagee is benefited by the receivership in the same manner as unsecured cred-

TO RECEIVERSHIP—PRIORITY ALLOWED.—*Green* v. *Coast Line R. Co.* 54 Am. St. Rep. 379, and note beginning near bottom of page 426, 33 L. R. A. 806; *Southern Ry. Co.* v. *Bouknight,* 70 Fed. 823.

PRIORITY REFUSED.—*St. Louis Trust Co.* v. *Riley,* 30 L. R. A. 456.

RELATIVE RANK OF MORTGAGES AND SUBSEQUENT TAXES.—*Central Trust Co.* v. *New York C. & Northern R. Co.* 1 L. R. A. 260; note in 54 Am. St. Rep. at p. 421; note in 71 Am. St. Rep. at p. 383.

MONOGRAPHIC NOTES.—Claims Which Take Precedence Over Mortgages of Railways and Like Property, 54 Am. St. Rep. pp. 400-432, and particularly

itors and thereby has received compensation. If it be placed upon the ground of public convenience, where is the line to be drawn? A store, a mill, a hotel, are all public conveniences and a hospital might almost be said to be an absolute necessity. On what principle can one be included and the other excluded in applying the rule? The cases in the United States Supreme Court cited by respondents hold that the rule is to be applied to the railroads, but do not hold that it is not to be applied to other corporations. The latter question, so far as we have been able to find has never been passed upon by that court. We also call the court's attention to the fact that in nearly, of not quite all, of the cases cited by respondents, the claims that were sought to be made prior liens accrued before the receiver was appointed, which presents an entirely different question.

In the case of *McDonald* v. *Mass. Gen. Hospital,* 120 Mass. 432, the court in speaking of a hospital organized exactly as the Portland Hospital, says: "A corporation, the object of which is to provide a general hospital for sick and insane persons, having no capital stock nor provision for making dividends or profits, deriving its funds mainly from public and private charity, and holding them in trust for the object of sustaining the hospital, conducting its affairs for the purpose of administering to the comfort of the sick, without expectation or right on the part of those immediately interested in the corporation to receive compensation for their own benefits is a public charitable institution." Now, by what principle is it to be decided that the rule is to be applied to a public institution such as a railroad and not to this public institution?

---

pp. 404 to 425 ; The Relation of Receivers to Pre-Existing Liens, and the Remedies for Their Enforcement, 71 Am. St. Rep. at pp. 377-379 ; Liens for Debts Contracted Prior to a Receivership, 83 Am. St. Rep. at p. 73.

*Receiverships of Partnerships and Private Corporations.*

RELATIVE RANK OF MORTGAGES AND UNSECURED DEBTS.—On the question whether unsecured claims against private corporations accrued before the appointment of a receiver can take precedence over prior mortgage liens is discussed in the following cases and notes :

ALLOWED.—The unsecured creditors of a coal mining company obtained

II. In this particular case, the mortgagees having stood by and acquiesced in the incurring of this indebtedness, being in court and accepting service of petitions and reports from time to time and making no objection to the appointment or continuation of the receivers for some five years, and actually desiring their continuance to avoid taxes until times improved, they are now estopped to claim their mortgage and trust deed are a prior lien to the claims incurred by the receivers.

III. The mortgagees have received payments on their claims from the receivers and a large amount of money has been expended during the receivership in repairs and permanent improvements on the property, which should have gone to pay these claims, all of which the respondents are allowed to take by the decree of the court below, contrary to every rule of equity and right.

For certain creditors of the receiver claiming priority over the mortgage of plaintiff there was an oral argument and a brief by *Mr. A. King Wilson*, to this effect:

A hospital is as much a public corporation as a railroad or a telephone company (*Keeley* v. *Carolina Mut. T. & Tel. Co.* 90 Fed. 29); or as a mine (*Drennan* v. *Mercantile T. & Dep. Co.* 115 Ala. 592, 23 So. 164, 39 L. R. A. 623, 67 Am. St. Rep. 72); or as a street car company (*Pickering* v. *Townsend,* 118 Ala. 351, 23 So. 703); or as an irrigation company (*Atlantic Trust Co.* v. *Woodbridge C. & Irrig. Co.* 86 Fed. 975. Other cases bearing on the subject are *Diamond Match Co.* v. *Taylor,* 83 Md. 394 (34 Atl. 1015); *Southern Ry. Co.* v. *Carnegie Steel Co.* 176 U. S. 257 (20 Sup. Ct. 347); *Metropolitan Trust Co.* v. *Lake Cities Elec. Ry. Co.* 100 Fed. 897. Nearly all of the

payment of their claims out of the accounts due the company when the receiver was appointed, as against the claim of the mortgagee: *Drennan* v. *Mercantile T. & Dep. Co.* 39 L. R. A. 623, 67 Am. St. Rep. 72.

DENIED.—The unsecured creditors failed to obtain precedence over the mortgagees in these cases: *Seventh Nat. Bank* v. *Shenandoah Iron Co.* 35 Fed. 436; *Fidelity Ins. & Safe Deposit Co.* v. *Shenandoah Iron Co.* 42 Fed. 372; *Laughlin* v. *United States Rolling Stock Co.* 64 Fed. 25; *Newton* v. *Eagle & Phoenix Mfg. Co.* 76 Fed. 418; *Farmers' L. & Trust Co.* v. *Bankers',* etc.

cases cited by respondents are distinguished from the case at bar by the fact that the indebtedness in the cases cited was incurred before the appointment of the receiver; further, in some of the cases cited by our opponents the mortgagee was not a party to the suit which issued the receiver's certificates or ordered the indebtedness incurred.

The Portland Hospital was in no sense of the word a private corporation. It was not organized under the chapter of our code providing for the organization of private corporations, but under the chapter·for the organization of charitable societies, etc. It had no capital stock, and no one received any benefit from the running of the institution except the public.

As far as I know, it is true that the Supreme Court of the United States has not applied the doctrine of preference of labor claims made before appointment of receivers to any case except that of a railroad, but, to date, it has never passed on the question. What is the reason of the rule? Certainly not the simple fact that it is a railroad, but because the welfare of the public is served by having it operated. I believe the rule would be the same if it was a toll road, a ferry across a river, or a toll bridge across the Willamette, or a flour mill in the early days of Oregon, or the terminal or union depot of Portland, Oregon, a boat on a river, and many others. Cases are decided on principles, not because a cow is white or black, nor because one is a railroad and another a hospital.

To my mind, the fact that no receiver's certificates were issued, has no bearing on the case, when the indebtedness was incurred by order of the court, with full knowledge of the

---

*Tel. Co.* 31 L. R. A.·403, 51 Am. St. Rep. 690 ; *Merriam* v. *Victory Min. Co.* 37 Or. 321.

MONOGRAPHIC NOTE.—See 71 Am. St. Rep. at pp. 361-365, for note, Priority of Pre-existing Claims.

RELATIVE RANK OF MORTGAGES AND DEBTS OF RECEIVER.—As to whether the bills incurred by a receiver of a private corporation or a partnership under the orders of the court are entitled to payment not only out of the income but out of the *corpus* of the property before the claims of prior mortgagees, see the following cases :

ALLOWED.—In this instance the court ordered bills for supplies furnished

40 OR.—84.

facts. A part of the money which our clients produced was used to preserve and protect the property, by paying insurance, improving the property, etc. There is no question but these debts would be good against the property if the respondent had foreclosed their mortgage and had a receiver appointed. It makes no difference whether a party in a suit in equity is plaintiff or defendant. The respondents are parties herein and have consented to the proceedings herein.

For respondents there was a brief over the name of *Chamberlain & Thomas,* with an oral argument by *Mr. Geo. E. Chamberlain.**

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to foreclose a mortgage executed in February, 1893, by E. H. Habighorst, as trustee for the Portland Hospital, and the Portland Hospital Guarantee Company, to the United States Investment Corporation, and a certain deed, intended as a mortgage, executed in March, 1893, by the same parties, to the Northwest Loan & Trust Company, and by the latter assigned to the plaintiff Blyth in trust for his coplaintiff. The mortgage and deed of trust were given to secure the payment of various notes, aggregating some $50,000 and interest. After they had been recorded, and on November 27, 1894, a receiver of the property of the Portland Hospital was appointed, *ex parte,* and before service of process, in a suit brought against the hospital and the plaintiffs herein by J.

---

to its receiver in charge of a hotel to be paid before the mortgage: *Knickerbocker* v. *McKindley C. & Min. Co.* 64 Am. St. Rep. 55.

DENIED.—On other occasions the mortgages have been held a first lien: *Farmers' L. & Trust Co.* v. *Grape Creek Coal Co.* 50 Fed. 481 (16 L. R. A. 603, with note, Power to Permit a Receiver of a Private Corporation to Create Liens on its Property) ; *Hanna* v. *State Trust Co.* 70 Fed. 2 (30 L. R. A. 201) ; *Doe* v. *Northwestern C. & Transp. Co.* 78 Fed. 62 ; *Baltimore B. & L. Assoc.* v. *Alderson,* 90 Fed. 142 ; *Hooper* v. *Central Trust Co.* 29 L. R. A. 262 ; *International Trust Co.* v. *United Coal Co.* 83 Am. St. Rep. 59.

MONOGRAPHIC NOTE.—See 83 Am. St. Rep. pp. 77-80 for note, Creation of Liens by Receivers of Private Corporations.—REPORTER.

*The argument of attorneys for respondents is not given here because it is substantially reproduced in the opinion of the court.—REPORTER.

D. Lee and others as trustees, ostensibly to have the title declared forfeited. The receiver was authorized to manage and conduct the hospital as it had been conducted by the corporation prior to his appointment, and he and his successors in office operated it until about the time this suit was begun, in January, 1899, during which time they contracted debts and incurred liabilities for labor and supplies amounting to about $10,000, which are unpaid. The receiver, who was made a party to this suit, answered, setting up such debts, and asking that they be decreed to be a lien upon the property prior in right to plaintiffs' mortgage and deed of trust, which the court below denied, and hence this appeal.

1. There are several reasons why the decree of the court below should be affirmed. In the first place, it is not alleged, nor is there any proof, that the court appointing the receivers authorized them to contract debts or incur liabilities to take precedence over prior vested liens, or that it ever made any order that the debts of the receiver should be so preferred, either before or after they were incurred. All that is contended in this regard is that the mere fact that the receivers were authorized to operate and conduct the hospital *ipso facto* gave preference to any debts they might thus contract over prior liens on the property. But this position finds no support in the authorities. The ordinary duties of a receiver are to protect and preserve the property pending the litigation; and all expenses incurred by him in so doing, as well as a reasonable compensation for his services, are payable out of the income of the property, if any, or, if not, out of the property itself: *Beckwith* v. *Carroll,* 56 Ala. 12. But the duty to preserve the property by no means includes the right to create debts for other purposes. Before a receiver can incur such obligations, he must be authorized by the court; and even then the debts created by him will not be preferred to prior liens unless such preference is given in the order authorizing him to incur the obligation, or in an order approving and ratifying the debts, and decreeing that they should be paramount liens. "The jurisdiction of the court to appoint receivers of prop-

erty," says the supreme court of New York, "has for its primary object the care and custody of the property which is the subject of the receivership pending the determination of the questions involved in the litigation, and to enable the court, by placing the property under the control of its officer, to preserve it to answer to the final decree which may be made in the action. But the receiver cannot of his own motion contract debts chargeable upon the fund in litigation. The court must authorize expenditures on account of the property before they can be charged thereon; and while it may and does, in its discretion, allow expenses incurred by a receiver strictly for preservation to be charged upon the fund, although incurred without the prior sanction of the court, it is, nevertheless, the order of the court, and not the act of the receiver, which creates the charge, and upon which its validity depends": *Vilas* v. *Page*, 106 N. Y. 439 (13 N. E. 743). See, also, 3 Cook, Corp. (4 ed.) §§ 876, 877; *Wesson* v. *Chapman*, 77 Hun, 144 (28 N. Y. Supp. 431); *Cake* v. *Mohun*, 164 U. S. 311 (17 Sup. Ct. 100); *Lewis* v. *Linden Steel Co.* 183 Pa. 248 (38 Atl. 606). So we conclude that for this reason alone the receiver is not entitled to the relief prayed for in his answer.

2. But there is yet another reason why the decree should be affirmed. The suit in which the receiver was appointed was not one in which the court making the appointment had authority without the consent of prior lien creditors to decree that debts contracted by the receiver in carrying on the business of the defendant corporation should take precedence over prior contract liens. Where a court of chancery takes possession of a railroad or other similar property of public corporations, and operates the same through a receiver, debts contracted for labor, supplies, and other necessary purposes, before as well as after the appointment of the receiver, may be made a first lien upon the income, and, if that is not adequate, upon the *corpus* of the property. But this is an extraordinary power, exercised only in cases of railroad and other like corporations of a *quasi* public character charged with a public duty, and for reasons peculiar to that character of property:

*McCornack* v. *Salem Ry. Co.* 34 Or. 543 (56 Pac. 518, 1022);
*Merriam* v. *Victory Min. Co.* 37 Or. 321 (60 Pac. 997); *Green*
v. *Coast Line R. Co.* 97 Ga. 15 (54 Am. St. Rep. 379, and note,
24 S. E. 814, 33 L. R. A. 806). But under none of the author-
ities is a court authorized to thus displace contract liens upon
the property of individuals or private corporations. "Ex-
tensive as are the powers of a court of equity," says Judge
GRESHAM, "they do not authorize a chancellor to thus im-
pair the force of solemn obligations and destroy vested rights.
Instead of displacing mortgages and other liens upon the prop-
erty of private corporations and natural persons, it is the duty
of courts to uphold and enforce them against all subsequent
incumbrances. It would be dangerous to extend the power
which has recently been exercised over railroad mortgages
(sometimes with unwarranted freedom) on account of their
peculiar nature to all mortgages": *Farmers' L. & Trust Co.*
v. *Grape Creek Coal Co.* (C. C.) 50 Fed. 481 (16 L. R. A. 603,
and note). In an exceptionally strong and vigorous opinion
by Judge CALDWELL in *Hanna* v. *State Trust Co.* 70 Fed. 2
(30 L. R. A. 201, 16 C. C. A. 586), reversing an order and
decree authorizing a receiver of an irrigating company ap-
pointed on the application of a junior mortgagee to borrow
money and issue certificates to be preferred liens on the prop-
erty, for the purpose of maintaining, protecting, and pre-
serving it, it is said: "The rights of the citizen, lawfully ac-
quired by contract, are under the protection of the Constitu-
tion of the United States, and, like the absolute rights of the
citizen, are not dependent for their existence or continuance
upon the discretion of any court whatever. Constitutional
rights and obligations are no more dependent upon the dis-
cretion of the chancellor than they are on the discretion of the
legislature. * * * If it were once settled that a chancery
court, through a receiver appointed on the petition of a junior
mortgagee, could carry on the business of such insolvent cor-
porations at the risk and expense of those holding the first or
prior liens on the property of the corporation, such liens would
have little or no value. It is no part of the duty of a court

of equity to conduct the business of insolvent private corpora-
tions, any more than it is to carry on the business of insolvent
natural persons. If it may take under its control the property
of an insolvent private corporation, and authorize a receiver to
carry on its business, and make the debts incurred by the re-
ceiver in so doing paramount liens on all the property of the
corporation, and enjoin its creditors in the meantime from col-
lecting their debts, it is not perceived why it may not proceed
in the same way with the estate of an insolvent natural per-
son.'' See, also, *Vilas* v. *Page,* 106 N. Y. 439 (13 N. E. 743) ;
*Seventh Nat. Bank* v. *Shenandoah Iron Co.* (C. C.) 35 Fed.
436; *Fidelity Ins. & Safe Dep. Co.* v. *Shenandoah Iron Co.* ( C.
C.) 42 Fed. 372; *Fidelity Ins. T. & Safe Dep. Co.* v. *Roanoke
Iron Co.* (C. C.) 68 Fed. 623; *Snively* v. *Loomis Coal Co.* (C.
C.) 69 Fed. 204; *Doe* v. *Northwestern Coal & Transp. Co.* (C.
C.) 78 Fed. 62; *Hooper* v. *Central Trust Co.* 81 Md. 559 (32
Atl. 505, 29 L. R. A. 262).

*Hembree* v. *Dawson,* 18 Or. 474 (23 Pac. 264), is in nowise
in conflict with this doctrine. That was a suit brought by at-
taching creditors to set aside an alleged fraudulent mortgage
upon a stock of goods, wares, and merchandise. A receiver
was appointed pending the litigation, with authority to man-
age and sell the property. Upon the settlement of his ac-
counts, after he had disposed of all the property, and upon
an application for a distribution of the proceeds, the court
allowed him .his commission and expenses out of the fund,
and this order was affirmed on appeal. But there was no at-
tempt in that case to give debts and liabilities incurred by the
receiver preference over a lien not foreclosed in the suit.

3. It is alleged in the answer, and insisted upon here, that
the debts and liabilities were contracted by the receiver with
the knowledge, and without the objection of the plaintiffs.
It is doubtful whether this allegation is supported by the testi-
mony. But, even if it is, it does not estop the plaintiffs from
denying that such debts shall take precedence over their
mortgage lien. The receiver was not appointed at their re-
quest, nor upon their application, nor was there anything in

the receivership proceedings to indicate to them that it was the intention to charge the mortgaged property with a preferred lien for debts contracted by the receiver. Where a mortgagee procures the appointment of a receiver with power and authority to operate and conduct the business of the mortgagor, he cannot object to the payment of the expenses incurred for such purposes in preference to his lien: *Heisen* v. *Binz,* 147 Ind. 284 (45 N. E. 104). But where the appointment is not made upon his application he has a right to insist that the debts contracted by the receiver shall not take precedence over his lien, although he may be a party to the suit in which the receiver was appointed: *Metropolitan Trust Co.* v. *Tonawanda Val. & C. R. Co.* 103 N. Y. 245 (8 N. E. 488).

4. During the receivership some $1,800 or $2,000 was paid to the plaintiffs on their mortgage, and perhaps $500 or $600 spent in improving the mortgaged property, and it is contended that the creditors of the receiver are entitled to a lien upon the property for the amount of such payments and expenditures. Whether these were made from the earnings of the hospital or from donations by private persons is difficult to determine. But, however that may be, no lien can be enforced therefor in this suit. If it appears in the progress of certain kind of receiverships that interest has been paid, or permanent and lasting improvements made on the mortgaged property, or other expenditures had beneficial to the mortgage lien creditors out of the earnings that ought to have been applied in payment of debts for labor and supplies, it is within the power of the court having charge of the receivership to use the income, and sometimes the proceeds, of the mortgaged property to discharge obligations which, but for the diversion of the fund, would have been paid in the ordinary course of business: Smith, Rec. 575. But we know of no rule by which the demands of mere contract creditors, although for debts incurred by a receiver, can, on account of an inequitable or unjust application by him of the income from the property under his charge, be set up as preferred claims in a suit to foreclose a prior mortgage.

The decree of the court below will be affirmed. AFFIRMED.