# Beckwith v. Carroll.

*Bill in Equity for Account and Settlement of Partnership in Planting.*

1. *Receiver's compensation; who chargeable with.*—When it becomes necessary for a court of equity to take charge of property, through a receiver, in order to preserve it from waste, the property becomes chargeable with the expenses thus incurred, including the receiver's compensation; and the party who, under the final decree of the court, becomes entitled to the property, or its proceeds, takes it *cum onere*, although it may not be sufficient to pay his entire debt or claim.

2. *Landlord and tenant; cost of saving and gathering crop by receiver.*—As between landlord and tenant, the latter is chargeable with the cost and expense

[Beckwith v. Carroll.]

of saving and gathering the crop, through the instrumentality of a receiver; and if the landlord receives the entire crop, which is mainly saved through the services of the receiver, and is compelled to pay the compensation allowed to the receiver, he is entitled to a credit for the amount so paid, as against the tenant, whose duty it was to save and gather the crop.

APPEAL from the Chancery Court of Lauderdale.
Tried before the Hon. R. S. WATKINS.

WADE KEYES, for the appellant.

O'NEAL & O'NEAL, contra.

MANNING, J.—The appellee in this cause was appointed a receiver, to gather, take care of, and dispose of, according to the orders of the Chancery Court, certain crops of corn, cotton, &c., made in the year 1871, by a partnership in planting, composed of one John McCorkle, who was complainant in the suit, and Edmund Conner, Samuel Smith, and Pass Beckwith, who were defendants therein, and who were to furnish the hands, or labor, for making and saving the crops, which, the bill alleged and the evidence tended to show, they were neglecting to gather, and suffering to go to waste. The crops were made on land belonging to the appellant, Mrs. Beckwith, who had a landlord's lien on them to secure payment of the rent due to her; and who, in November, 1871, while the suit was pending, in order to make such lien available, caused a writ of attachment to be issued, according to the statute, and to be levied on the crops then in possession of the receiver, Carroll. In order to prevent obstructions to the prosecution of her action, Mrs. Beckwith, by her petition, made herself a party to the suit in chancery brought by McCorkle, and prayed the court that the receiver "be enjoined from making or putting in petitioner's way any obstacle" to her obtaining payment of the rent, "upon petitioner's giving, as she offers to do, a bond with security to abide by such decree as shall be made in the premises." A bond, with a surety, was accordingly executed, and accepted, and petitioner was permitted to have the crop levied on and sold for her benefit.

The most valuable part of the crop, we infer from the record, was saved to the parties interested, by the care and labor, and at the expense of the receiver. No objection was made by any one, to his account of the expenses and charges, for which he claimed an allowance; and all of the crop saved was turned over to the sheriff, to be disposed of, and the proceeds applied to the payment of rent to Mrs. Beckwith, and proved to be insufficient for that purpose. The chan-

cellor, therefore, at the final hearing, charged Mrs. Beck-with with the amount of the allowance made to the receiver, for gathering, taking care of and saving the crops, of which she got the entire benefit; and there being nothing left for division among the original parties to the suit, he dismissed the bill, at the costs of the complainant. From this decree Mrs. Beckwith appeals, and here assigns it as error, insisting that she ought not to be required to pay the amount allowed to the receiver, which was $191.49.

It seems to us plain, from the statement of facts we have made from the record, that there is no error in the order complained of. When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expense incurred in taking care of and saving it, including the allowance to the receiver for his services. He is the officer and agent of the court, and not of the parties; and it is a right of the court, essential to its own efficiency in the protection of things so situated, to keep them under its control, until such expenses and allowances are paid, or secured to be paid. It is a duty, also, to do this, which it owes to its appointee, the receiver. Under the circumstances, in this instance, Mrs. Beckwith took the crops *cum onere*—that is, chargeable with the receiver's allowances for services rendered, and moneys advanced, by means of which they were saved, and she enabled to get them. But it is only the surplus of their proceeds when sold, with which she is bound to credit the lessees, on their debt to her for the rent. As between her and them, they are chargeable with these allowances, and not Mrs. Beckwith; and she is entitled to recover of them the entire balance of rent which remains unpaid.

The decree of the chancellor is affirmed.