JAFFRAY & CO. ET AL. V. RAAB ET AL.

1. **Receiver:** COMPENSATION: WHO PAYS. It is a general rule that the compensation of a receiver is taxable, not to the parties, but is taken from the fund in controversy between the parties; (see *Radford v. Folsom*, 55 Iowa, 276;) and in this case, which was a proper one for a receiver, and in which the court appointed a person agreed on by all the parties, and no additional expense was incurred by the appointment, *held* that it was error to tax a portion of his compensation to plaintiffs, simply because he was appointed upon their petition and they did not recover all that they claimed. (*French v. Gifford*, 31 Iowa, 428, distinguished.)

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 14.

THE partnership of Greenbaum, Schrœder & Co. was for many years engaged in mercantile business in the city of Burlington, in this state. They also carried on a branch store at Lincoln, Nebraska. On the 14th day of May, 1879, the said firm, being insolvent, executed a chattel mortgage or deed of trust on their entire stock of goods and other property to secure certain preferred creditors. These secured claims amounted in the aggregate to about $40,000. In a short time after the execution of the chattel mortgage or deed of trust, the plaintiffs herein, who were creditors of said firm, and whose claims were not secured by the chattel mortgage, sued out attachments, and levied the same upon the stock of goods. The firm had leased the building in which they carried on their business at Burlington from Gilbert, Hedge & Co., and the lease did not by its terms expire until 1884. Gilbert, Hedge & Co. commenced an action for an injunction to restrain any further sale of the goods, claiming a landlord's lien for the rent to accrue under the lease. The chattel mortgage or trust deed, as originally executed, provided that the creditors preferred thereby should consent to an extension of one year on their demands. After the attachments of plaintiffs were served, and after the suit of Gilbert, Hedge &

Co. was commenced, and on the 24th day of June, 1879, Greenbaum, Schroeder & Co. executed another writing, by which they waived their right to one year's possession of the goods, and consented that the trustees named in the chattel mortgage should take possession of all of the property, and dispose of it at public or private sale, and apply the proceeds upon the claims secured by the mortgage. On the next day, E. S. Jaffray & Co., and Dunham, Buckley & Co., the attaching creditors, and the plaintiffs herein, filed an original bill in equity against all of the other parties, in which they claimed that the trust deed or chattel mortgage was void, because made with intent to delay and defraud creditors. They also alleged that the lien of Gilbert, Hedge & Co. was much less than claimed by them, and they recited all the facts, and prayed the appointment of a receiver, with power to proceed and dispose of said property in the ordinary course of business. On the 28th day of June a receiver was appointed.

An order was entered consolidating all the cases into one, and issues were made up and a trial was had, and in the final decree it was found that Gilbert, Hedge & Co. were entitled to a lien for the rent due to them as a first lien upon the assets of the firm, and that the trust deed was a valid instrument, and that the creditors secured thereby were entitled to a second lien. It will thus be observed that the plaintiffs were defeated in the action as consolidated, and they, with other intervening creditors, were postponed to the lien for rent, and to the claims of creditors secured by the mortgage. The receiver took possession of the property, and disposed of it by sale, and collected the claims due the firm. He made reports to the court from time to time, and performed the duties of receiver under the orders of the court. His final report was approved by the court, and he was allowed the sum of $2,000 in payment for his services as receiver, and it was ordered that of this sum $1,400 should be retained by him from the money in his hands, and that $600 should

be taxed as costs against the plaintiffs, who were the attaching creditors. From the order requiring them to pay the $600 the plaintiffs appeal.

*Hall & Huston*, for appellants.

*P. Henry Smyth & Son*, for appellees.

ROTHROCK, J.—It is not claimed that the allowance made to the receiver was excessive, nor that he was in any manner unfaithful to his trust. On the contrary, it appears that he disposed of the property, and turned all of the assets into money, and fully accounted for the same, to the amount of some $40,000. We suppose that the court taxed part of the compensation of the receiver to the plaintiffs on the ground that they failed in establishing their claim that the mortgage was fraudulent. We do not think, under all the circumstances attending the case, that they should be required to pay any part of the receiver's compensation. Our reasons for so holding will be very briefly stated.

I. The record shows that no objections were made by any of the creditors to the appointment of a receiver. Not only this, but the court appointed the person agreed upon by the parties ; and by this act we think that they should be held to have consented that a receiver be appointed.

II. The conflicting claims of the creditors of the firm made a proper case for the appointment of a receiver. It was absolutely necessary that some one should take charge of and dispose of the property. This was doubtless attended with as little expense as if the same duties had been performed by the trustees named in the mortgage, or by the assignee under the general assignment, which general assignment was made by the insolvent firm on the 25th day of June, 1879.

It does not appear that the appointment of a receiver made additional costs or expense ; and, even if the plaintiffs knew their liens by attachment would be postponed to the creditors

secured by the mortgage, they were nevertheless creditors, and it was their right to demand that the assets be so administered as to reach their claims, if possible.

The facts are widely different from those in the case of *French v. Gifford*, 31 Iowa, 428. In that case the defendants resisted the appointment of a receiver, and appealed from the order making the appointment, and the appointment was vacated and set aside as having been wrongfully made. It is a general rule that the compensation of a receiver is taxable, not to the parties, but is taken from the fund in controversy between the parties. *Radford v. Folsom*, 55 Iowa, 276.

The defendants appeal from that part of the order which requires part of the receiver's compensation to be paid from the funds in his hands. As we hold that the whole compensation should be paid from that fund, the defendants' appeal requires no further consideration.

Upon the defendants' appeal the judgment will be affirmed, and upon the plaintiffs' appeal it will be

REVERSED.