Garn *v.* Working.

No. 364.

## GARN *v.* WORKING.

PRACTICE.—*Motion to Strike Out Parts of Pleading.*—The refusal of the court to strike out parts of a paragraph of a complaint is not available error.

SAME.—A motion to strike out the second and third paragraphs of a complaint was properly overruled where the material averments contained in the same were not identical with those contained in the first paragraph of the complaint.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Evidence.—Official Stenographer.—Presumption as to.*—Where the record outside of the bill of exceptions and independent of the clerk's certificate showed that the appellant filed her bill of exceptions containing the original long-hand manuscript of the evidence as taken and transcribed by B., the official stenographer of the court, it will be presumed, in the absence of any showing to the contrary, that B. had been duly appointed by the court as its short-hand reporter and had, before proceeding to discharge the duties of his office, taken the oath required by the statute.

SAME.—*Filing of.—Long-Hand Manuscript of Evidence.—Filing of.*—Under section 629, R. S. 1881, the original long-hand manuscript of the evidence is not required to be filed with the clerk within the time given to file the bill of exceptions. The bill of exceptions itself does not have to be filed within the time named by the court.

SAME.—*When Filed in Season.*—When sixty days' time from December 12th, 1889, was given for the filing of a bill of exceptions, a bill presented to the judge and by him signed on February 5th, 1890, was in season.

COSTS.—*Judgment for.—Presumption Concerning.—Motion to Retax.*—It can not be said that error was committed by the court in overruling a motion to tax the fees and mileage of certain witnesses subpœnaed but not sworn against the appellee, where the record outside of the appellant's motion did not disclose in whose behalf the witnesses were subpœnaed. A judgment for costs will be presumed to be correct when the record shows nothing to the contrary.

JUDGMENT.—*Action for Slander.—Excessive Damages.*—In an action for slander, the amount which the injured party should recover is for the jury to determine, and their finding in that respect will not be disturbed unless the amount appears at first blush to be grossly excessive.

From the Fulton Circuit Court.

*J. Rowley, M. A. Baker, M. L. Essick* and *O. F. Montgomery,* for appellant.

*G. W. Holman, R. C. Stephenson, J. D. McLaren, E. C. Martindale* and *J. H. Bibbs,* for appellee.

NEW, J.—This was an action brought by the appellee against the appellant for slander. The alleged slanderous words constitute a charge of whoredom.

Upon issues joined the cause was tried by a jury, and verdict returned for the appellee in the sum of one thousand dollars.

There was judgment in favor of appellee for one thousand dollars over the appellant's motion for a new trial.

The complaint is voluminous; it contains three paragraphs. We do not find it necessary to set out the complaint.

The questions arising upon the appellant's assignment of errors, we will consider in the order of their presentment, so far as they are discussed.

Errors assigned but not discussed are waived.

The court did not err in overruling the appellant's motion to strike out parts of the first paragraph of the complaint. It has often been held that a refusal of the court to strike out parts of a paragraph of a complaint is not available error. *Porter* v. *Cohen,* 60 Ind. 338 ; *Morris* v. *Stern,* 80 Ind. 227 ; *McFall* v. *Howe Sewing Machine Co.,* 90 Ind. 148 ; *Walker* v. *Larkin,* 127 Ind. 100.

The motion by the appellant to strike out the second and third paragraphs of the complaint was properly overruled by the court. The material averments contained in the second and third paragraphs of the complaint are not identical with those contained in the first. See *Indianapolis, etc., Mfg. Co.* v. *Caven,* 53 Ind. 258 ; *Clark* v. *Jeffersonville, etc., R. R. Co.,* 44 Ind. 248 ; *City of Elkhart* v. *Simonton,* 71 Ind. 7 ; *Burk* v. *Taylor,* 103 Ind. 399.

A new trial is asked by the appellant because of the in-

troduction of certain evidence over his objection, and upon the ground that the damages assessed are excessive.

Counsel for the appellee argue that the evidence is not properly in the record, and that therefore this court can not say that the evidence referred to should not have been admitted or that the damages are excessive.

As we understand counsel for the appellee, they make the following points in this regard:

1. That the record fails to show that the stenographer— whose long-hand manuscript of the evidence purports to be in the bill of exceptions—was appointed as such by the court, and that he was sworn as required by the statute.

2. That it does not appear that such long-hand manuscript of the evidence was filed in the office of the clerk of the court within the time given the appellant to file his bill of exceptions.

It is stated as a fact in the transcript of the record now before us, outside of the bill of exceptions and independent of the clerk's certificate, that on the 9th day of April, 1890, the appellant filed in the office of the clerk of the court her bill of exceptions containing the original long-hand manuscript of the evidence as taken and transcribed by Calvin K. Bitters, the official stenographer of the court.

Here we have a declaration by the record that Bitters was the official short-hand reporter of the court, and that the original long-hand manuscript of the evidence, as made by him, was filed in the clerk's office, incorporated in and therefore a part of the bill of exceptions, on the 9th day of April, 1890.

In addition to this, the clerk certifies that said original long-hand manuscript of the evidence was filed in his office on the 9th day of April, 1890, and that it was at that time incorporated into the bill of exceptions.

The statute does not require that the original long-hand manuscript of the evidence shall be filed with the clerk within the time given to file the bill of exceptions. The bill

of exceptions itself does not have to be filed within the time named by the court.

Section 629, R. S. 1881, provides:

" When the record does not otherwise show the decision or grounds of objection thereto, the party must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true the judge shall correct, sign and cause it to be filed without delay. When so filed, it shall be a part of the record, and delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof. The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same." See *Creamer* v. *Sirp,* 91 Ind. 366; *Robinson* v. *Anderson,* 106 Ind. 152.

The time given for the filing of the bill of exceptions was within sixty days from the 12th day of December, 1889. The bill was presented to the judge and by him signed on the 5th day of February, 1890. This was in time.

That Bitters had been duly appointed by the court as its short-hand reporter, and had, before proceeding to discharge the duties of his office, taken the oath required by the statute, will be presumed in favor of the regularity in that respect of the trial court in the absence of any showing to the contrary.

The court did not err in admitting the evidence objected to by the appellant. The evidence tends strongly to show that the letters and papers of which the appellee was permitted to make proof were sent to her by the appellant, and were so connected with the charges of whoredom set out in the complaint as to entitle them to be received and considered as evidence in the case.

We can not say that error was committed by the court in

overruling the appellant's motion to tax certain costs against the appellee.

The motion is to tax the fees and mileage of certain witnesses, naming them, " for the reason that each of said witnesses was subpœnaed by the plaintiff, and that although they were all sworn, they were not called to testify in the case, or, if called, none of them testified to any material fact."

It is no way disclosed by the record, outside of the appellant's motion, in whose behalf said witnesses were subpœnaed. A party who alleges error must present a record affirmatively showing it; otherwise all reasonable presumptions will be made in favor of the action of the trial court. *Binford* v. *Miner*, 101 Ind. 147 ; *Graves* v. *Duckwall*, 103 Ind. 560.

A judgment for costs will be presumed to be correct when the record shows nothing to the contrary. *Ferrier* v. *Deutchman*, 51 Ind. 21.

We would not be justified in holding that the damages assessed by the jury are excessive.

If the evidence is to be credited, the appellee was pursued with great persistency and bitterness by the appellant ; charging the appellee in the most public manner with whoredom, and repeating the charge as opportunity offered, even in the presence of the appellee's husband and children.

The amount which the injured party should recover in such cases is for the jury to determine, and their finding in that respect will not be disturbed unless the amount appears at first blush to be grossly excessive. *Crocker* v. *Hadley*, 102 Ind. 416 ; *Graeter* v. *Hogan*, 2 Ind. App. 193.

The judgment is affirmed, with costs.

Filed Sept. 14, 1892.