MOTT ET AL. *v.* STATE, EX REL. KLITZKE.

[No. 17,844.   Filed June 17, 1896.]

COSTS.—*Judgment For.*—One recovering a judgment for costs is entitled to recover only the costs for which he is liable.

SAME.—*Improper Taxation Of.*—*Judgment For.*—*Collateral Attack.*—A judgment for costs by a court, having jurisdiction, is not void on the ground that it is excessive, or that items entering into it should have been omitted; and, therefore, is not subject to collateral attack.

MANDAMUS.—*Trial by Jury.*—An issue of fact, in mandamus proceedings, must be tried by jury if demanded by either party.

From the Lake Superior Court.   *Reversed.*

*P. Crumpacker*, for appellants.

*R. Gregory*, for appellee.

HOWARD, J.—The relator, who is a minor, was fined in the Hammond city court, for the violation of an ordinance of said city. On appeal from this judgment to the Lake Superior Court, the relator was found not guilty, and recovered a judgment for costs against the city. On the refusal of the city to pay the judgment so recovered, this action was brought by the relator for a writ of mandate against the appellants, who are the mayor, common council, and clerk of said city, to require the allowance of his claim and the issue of a warrant for its payment. The trial resulted in the granting of a peremptory writ of mandate as prayed for.

The judgment for costs in the original case was general, and did not name any particular items of cost. The amount, however, was ascertainable from

the fee-book. Complaint is made by appellants that many items of fees are taxed on the fee-book, and so made a part of the judgment, which were not payable as costs by the city. This complaint, at least in part, seems to be well founded. Only the fees and costs for which the relator was himself liable could be recovered by him on his judgment against the city. Any costs not made by him could not be recovered by the relator. It is only the fees for which a party is liable that he may recover as costs against the other party. *Keifer, Sheriff,* v. *Summers, et al.,* 137 Ind. 106. The fees primarily due by the losing party are collectible from such party on fee bill, and cannot be made part of the judgment in favor of the other party. But in this case, all the fees taxed on the fee-book, whether due by the relator or not, were added together to make up the judgment rendered against the city.

As the record stands, however, it is not altogether clear how the appellants are to avail themselves of the error, if one was committed, as seems to have been the case. If it be true that some of the costs, either before the city court or before the superior court, were made by the city, and being therefore no concern of the relator's should, consequently, not have been made a part of the judgment in his favor; yet the record does not show that there was any ruling on a motion to tax costs, or any other step taken to modify the judgment. It is not denied that the relator was entitled to a judgment for some costs. But the court, having jurisdiction, the judgment would not be void, simply on the ground that it is excessive, or that items entered into it that should have been omitted. *Gum Elastic Roofing Co.* v. *Mexico Pub. Co.,* 140 Ind. 158 (30 L. R. A. 700 and notes).

It is plain, however, that in the case at bar it was a question of fact for the court to ascertain from the

fee-book, and from the other evidence offered, the exact amount of the judgment. The judgment in the original case being for costs simply, the amount of this judgment must be determined. The fee-book furnished the basis for this determination. All the fees and costs there taxed, and which the relator had paid, or which in law he was liable to pay, constituted, when taken together, the amount of his judgment. For the payment of this amount, he was entitled to a mandate, requiring the city authorities to issue to him a warrant upon the city treasury. If, however, any of the fees or costs found taxed in the case were those for which he was not himself liable, such items would form no part of his judgment.

It was said in *State, ex rel.,* v. *Burnsville Turnpike Co.,* 97 Ind. 416, that, under our code, "When the facts are admitted, the relator's right to a peremptory mandamus becomes a question of law, to be disposed of upon motion, and in the sound discretion of the court; but that where an issue of fact has been formed upon the return, such issue must be tried and determined before final judgment can be rendered." And it was there held, that an issue of fact in mandate must be tried by a jury, if either party demands it; the proceeding being at law, and not in equity.

In the case before us, issues of fact were formed upon the return by an answer in general denial and by two special affirmative paragraphs of answer. To try the issues so formed the appellants asked for a jury, but the court refused the request. This was error.

In this decision we have not considered what effect, if any, the statute, section 3513, R. S. 1894 (section 3078, R. S. 1881), which provides, that, "in no case shall the city be liable for costs," might have had in the original case. *Tuley* v. *City of Logansport,* 53 Ind.

508. The court had jurisdiction in the case, and its judgment, even though erroneous, was not void, and cannot be attacked collaterally in the case here appealed from.

The judgment is reversed, with instructions to sustain the motion for a new trial.