Howajrd, J.
At the April term, 1892, of the court below, the appellee instituted an action against the appellant for malicious prosecution, which action resulted in a verdict in favor of the appellant. Upon this verdict, on September 29,1892, the court rendered judgment for the appellant, that he recover of the appellee “all his costs and charges in said action laid out and expended, taxed at f-.” The judgment so rendered was affirmed. Jenkins v. Wilson, 140 Ind. 544.
On July 6, 1895, the appellee filed his motion in the trial court to retax costs in the original action. In this motion it was stated that about forty witnesses named had been called by the appellant, none of whom had been used on the trial, but all of whom had claimed their fees, and for whom such fees had been taxed by the clerk. It is agreed that the statement of facts so made was correct. The motion to retax costs was sustained, except as to six of the witnesses. It is claimed that this could not be done, that the case had passed from the jurisdiction of the court, that the judgment in favor of appellant for all his costs was conclusive, and that this motion was a collateral and unauthorized attack upon such judgment.
We do not think the motion or the ruling thereon was any attack upon the judgment. The judgment, as first entered, was for costs, “taxed at f-that is; taxed in the amount authorized by law. The judgment so made remains unchanged.
The amount to be collected under the judgment was *533 left blank, to be filled by the clerk when execution issued.- The clerk, however, could not himself render any judgment. He could only fill the blank with the amount of costs authorized by law to be taxed against appellant, and collectible under the judgment obtained by appellant against appellee. If the clerk should make a mistake in taxing fees due any party or in determining what part of such fees, or other costs, might be collected from appellee under appellant’s judgment, such mistake could at any time be corrected by the court on motion to retax costs. Laughery Turnpike Co. v. McCreary, ante, 526. The motion here made was not any attack upon the judgment. It sought merely to determine the amount of the judgment, which amount had been left blank. It sought to ascertain from the clerk’s fee record what fees, as there lawfully taxed, were collectible as costs under appellant’s judgment. It is in the power of the court at any time to ascertain such fact, and also, if necessary, to correct the fee book so that it may show such taxation of fees as is allowed by law, and the amount collectible by either party on a judgment for costs against the other. Conaway v. Conaway, 10 Ind. App. 229.
While it is true, in general, that one who recovers judgment for costs is entitled to collect on execution from the other party all costs and charges laid out by him, or for which he is liable, (Keifer v. Summers, 137 Ind. 106; Mott v. State, 145 Ind. 353), yet the statute may modify such rule, and in the case at bar has modified it. Section 496, Burns’ R. S. 1894 (488, R. S. 1881), provides that “if any party summon more than three witnesses to prove the same fact, he shall pay the costs occasioned by the additional number of witnesses, unless the court shall otherwise order.” Under this statute the appellant, although he recovered a judgment for costs, could not collect as costs from the *534 appellee, unless by order of court, any fees paid by him to more than three witnesses called to prove the same fact.
When, therefore, the appellant demanded payment, or ordered out execution under his judgment, it was the duty of the clerk, if he knew of the fact, to include only the fees of three witnesses to prove any one fact. And if the clerk were unable to determine this matter or unwilling to perform his duty under the statute, it was the right of the appellee to move the court for an order to tax the costs according to law. That was done in this case, and the court allowed fees for six of appellant’s witnesses to be collected on the judgment against appellee. We must presume that it was found that not more than two facts were proved, or might have been proved, by the forty witnesses called. We think that under the equity powers of the court and by reason of the control which a court must always exercise over its records, so. as to see that they speak the truth and are made up as the law directs, that the action taken was fully authorized.
Judgment affirmed.