## CHICAGO AND SOUTHEASTERN RAILWAY COMPANY v. KENNEY ET AL.

[No. 4,491.   Filed August 22, 1902.]

INJUNCTION.—*By Appellate Court Pending Appeal.*—Where pending an appeal from the action of the court in appointing a receiver the main action came on to be heard and was determined in favor of plaintiffs, from which defendant appealed, the Appellate Court will not, during the pendency of such appeal, and after the affirmance of the order appointing the receiver, issue a temporary injunction restraining the receiver from taking possession of the property during the pendency of the appeal in the main action.

Application by Chicago & Southeastern Railway Company for a temporary injunction *pendente lite*.   *Application denied.*

*H. Crawford, U. C. Stover, W. L. Taylor* and *O. J. Lotz*, for petitioner.

*A. H. Ratcliff, S. D. Coffey, A. W. Knight* and *G. H. Knight*, for respondent.

PER CURIAM.—The Chicago and Southeastern Railway Company applied to, and obtained from, this court a temporary restraining order, and the question now for determination is whether the company is entitled to a temporary injunction *pendente lite*. The record shows that upon the application of appellee and others to the judge of the Clay Circuit Court in vacation, a receiver for the corporation was appointed. The receiver was appointed on the ground that the company was insolvent, and, in the order of appointment, a finding was made that it was insolvent. At the time of the appointment, the Clay Circuit Court, or the judge thereof in vacation, had jurisdiction both of the person of the defendant and the subject-matter. The order of a receiver was made under the provisions of fifth subdivision of §1236 Burns 1901, and from such appointment

appellant appealed to the Supreme Court under the provisions of §1245 Burns 1901. The judgment or order appointing the receiver was by the Supreme Court affirmed. *Chicago, etc., R. Co.* v. *Kenney,* 159 Ind. 72. Pending that appeal the main action came on to be heard and determined. A change of venue was taken both from the judge and county, and the venue was changed to the Putnam Circuit Court. In the latter court judgment was rendered in favor of the several appellees, from which judgment appellant prosecutes this appeal, and now seeks to keep the receiver from taking possession of and operating the property by an application for a temporary injunction.

A receiver is a ministerial officer of the court appointing him. His possession is not adverse to either party, but is for the benefit of all the parties to the suit, according to their respective rights, and it is his duty to prevent the destruction of the corporate assets. A receiver, duly appointed, is empowered by statute, under the control of the court or the judge thereof in vacation, "to take and keep possession of the property." §1242 Burns 1901. The receiver's right of possession accrued at once upon his appointment under the order then made, for in the order of appointment he was directed to take possession of the property. High on Rec. (3d ed.), §136; 20 Am. & Eng. Ency. of Law, 132. By reason of the appeal, and the provisions of §1245 Burns 1901, the authority of the receiver was suspended, and he had no right, pending the appeal, to take possession of and operate the property. Until the enactment of §1245 Burns 1901, no appeal could be taken until the final disposition of the cause. *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510. Such appeal suspended the authority of the receiver, under the express language of the statute, only *"until the final determination of such appeal."* The appeal having been determined by an affirmance of the order or judgment appointing the

receiver, it left such judgment effective and operative, and thereupon his duty and power were not different from what they were when he was appointed, and before the appeal was taken. His right to the possession of the property was fixed by the order appointing him, and the express terms of the statute. So far as the record before us shows, there has been no order discharging or removing him. So far as the receiver is concerned, the cause is regarded as still pending. *Brinkman* v. *Ritzinger,* 82 Ind. 358, 364.

Injunctive relief is granted by this court only in aid of its own jurisdiction, and to enforce its own judgments or orders. *Baltimore, etc., R. Co.* v. *Wabash R. Co.,* 28 Ind. App. 185; *Lewis* v. *Fillion,* 4 Ind. App. 105. An injunction, such as is here asked, can not be essential to a due and effective exercise of appellate jurisdiction. It is wholly unnecessary at this time to determine what court or judge has power to give the receiver directions or orders relating to the management, control, and operation of the property. His right of possession has been determined by his appointment, and by an affirmance of the order or judgment of appointment by the Supreme Court. For all subsequent orders he must apply to the court having jurisdiction.

The temporary restraining order is dissolved, and the temporary injunction is denied.