## CLARK v. BROWN.

(Circuit Court of Appeals, Eighth Circuit. November 26, 1902.)

No. 1,715.

1. RECEIVERS—APPOINTMENT—VALIDITY OF ORDER.

Where the appointment of a receiver depends on whether the bill contains allegations justifying equitable cognizance, an order appointing the receiver is not void, though the determination of the sufficiency of the bill was erroneous.

2. SAME—PLEADING.

Where a bill alleged that complainant was entitled to one-half of a crop of flax, and that defendant was engaged in removing the entire crop beyond the jurisdiction of the court and disposing of it, and that the party liable to plaintiff on the contract was insolvent, the bill was sufficient to warrant the appointment of a receiver to take possession of and preserve the crop pending the litigation.

3. SAME.

Where a bill for the appointment of a receiver alleged that plaintiff was entitled to one-half of the proceeds of a crop of flax, and that defendant was engaged in removing the entire crop beyond the jurisdiction of the court, and disposing of it while the party liable to complainant on the contract was insolvent, an answer merely alleging that defendant was willing to pay complainant what the court should find him entitled to on a contract with another for a sale of the land, if complainant would execute to defendant a warranty deed of the land, was irrelevant, and insufficient to prevent the appointment of the receiver.

4. SAME.

An order appointing a receiver is not invalidated by reason of the fact that the amended bill was not verified, where no objection on that ground was taken at the time.

5. SAME—PRIOR APPEAL—OBJECTIONS—FAILURE TO URGE FACT.

Where a prior appeal was taken in an action in which a receiver was appointed, and no objection was made thereon to such appointment, no objection to the propriety or regularity of such appointment could be made on a subsequent appeal.

6. SAME—FUNDS IN RECEIVER'S HANDS—INTEREST.

Where it was determined on appeal that the appointment of a receiver at complainant's instance was erroneous, defendant is not entitled to recover from complainant interest on funds held by the receiver pending the litigation, such funds being in the custody of the court.

7. COMPENSATION OF RECEIVER—PAYMENT FROM ESTATE.

Where the appointment of a receiver was proper when made, and defendant throughout the proceedings acquiesced in the receivership, and such receiver was efficient in caring for and disposing of the property, obtaining therefor much more than would have been obtained by defendant, his compensation should be paid from the proceeds, though it was subsequently determined that his appointment was erroneous.

Sanborn, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of North Dakota.

This was a suit in equity, wherein, upon the facts alleged in the bill as amended, the complainant, Anheier, as receiver of the Citizens' National Bank of Fargo, claimed to be entitled to one-half of a crop of flax raised by the defendant, Clark (appellant), in the season of 1898, upon a specified section of land in North Dakota. The facts upon which that claim was based are

fully stated in Clark v. Anheier, 45 C. C. A. 599, 106 Fed. 754, and need not be repeated here. Upon allegations that the defendant was, at the time of filing the bill, engaged in threshing the crop of flax, and removing it from that state and disposing of it, and tending to show that the complainant's rights would be thereby lost, and on hearing upon an order to show cause, the court appointed Mr. H. W. Geary receiver of said crop of flax, with directions to take possession of the same, and thresh such part as remained unthreshed, and care for, protect, and preserve the crop, including the proceeds of such part of the crop as had been sold, which proceeds the defendant was required to turn over to him, and to act thereafter under the orders and directions of the court. The net proceeds of so much of the flax as the defendant had disposed of by sale were by him turned over to the receiver, who proceeded to cause the unthreshed portion of the crop to be threshed and placed in elevators, and finally caused all the unsold flax to be moved to and placed in an elevator at Duluth, Minn., and paid out and expended about the same considerable sums of money for threshing, elevator charges, freight charges, insurance, interest on money advanced by the Duluth Elevator Company to pay previous charges against the flax, and for necessary incidental outlays and expenses. Decree was entered in said cause January 12, 1900, adjudging that there was owing from the defendant to complainant the value of half said crop of flax, $3,205.50, and interest since December 24, 1898, making $3,519.03, and costs taxed at $419.55, and directing the sale of said flax by H. W. Geary, as master. On January 30, 1900, the solicitors for the complainant and defendant entered into a written stipulation that the receiver should immediately sell said flax at private sale for the highest market price attainable, and convert the same into money, and hold $5,000 in lieu of the flax until the final determination of the cause on appeal, and subject to the final decree, and pay the balance immediately to the defendant's solicitors. The stipulation recited that the receiver had been appointed "over the objection and opposition of the defendant," and that the stipulation should not prejudice the right of the defendant to a review upon appeal of the order of the circuit court appointing the receiver, nor any claim for damages he might have against complainant by reason of the appointment of the receiver or the taking of the flax. And the court thereupon made its order in conformity with that stipulation, and the flax was sold, and the money disposed of by the receiver, in accordance with the terms of said stipulation and order. Upon appeal this court reviewed the proofs in the cause, and held that the complainant had failed to establish any right to or interest in the 1898 crop of flax as against the defendant, and reversed said decree of the circuit court, with instructions to enter a decree dismissing the bill for want of equity. After the filing of the mandate, the receiver rendered his final report, accounting for the moneys received by him, and his expenditures, outlays, and charges. The defendant excepted to certain items of expenditures in part as excessive and greater than the cost would have been to the defendant had there been no receiver, and to other items as improper and unwarranted, and also claimed, as against the complainant, interest on moneys while in the hands of the receiver. Testimony was taken, and the court sustained some of the exceptions wholly or in part, and overruled others, and the claim for interest. This appeal from the final decree rendered brings up for review only questions as to the propriety of the rulings of the court upon these exceptions to the report of the receiver. After the entry of the decree, the appellee, Edwin F. Brown, having succeeded the original complainant as receiver of the Citizens' National Bank of Fargo, was duly substituted as complainant in the cause.

Seth Newman (Burleigh F. Spalding and Winfield S. Stambaugh, on the brief), for appellant.

V. R. Lovell (John D. Benton and Daniel B. Holt, on the brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

Counsel for appellant, in their brief, assert and reiterate, as the principal ground for sustaining all of their assignments of error, that "the order appointing the receiver was void," and therefore the defendant was at all times entitled to a return to him of the property intact, and undiminished by any expense of the receivership, because, they say, "the bill contains no allegation justifying equitable cognizance." But whether it did or did not was a question to be determined by the court, and its adjudication, even if erroneous, was not void. Mellen v. Iron Works, 131 U. S. 352, 367, 9 Sup. Ct. 781, 33 L. Ed. 178. The bill, however, contained ample averments to invoke equitable relief, and warrant the appointment of a receiver, in its allegations that the complainant was entitled to one-half of the crop of flax, and that defendant was engaged in removing the whole beyond the jurisdiction of the court, and disposing of it, while the party liable to the complainant on contract was insolvent. High, Rec. § 9. Moreover, notwithstanding the recital in the stipulation for the sale of the flax by the receiver that he had been appointed "over the objection and opposition of the defendant," it fully appears from the record that, while defendant did not directly consent to the appointment, he made no objection to it having color of seriousness or force. His answer to the order to show cause why a receiver should not be appointed was irrelevant. It was merely a statement that he was willing to pay complainant what the court should find him entitled to on a contract with another for sale of the land, if complainant would execute to defendant a warranty deed of the land. This in no way met the allegations of the bill on which the right to the appointment was claimed. That the amended bill was not verified was an irregularity which might have defeated the application at the time, had it been called to the attention of the court. But no objection on that or any other ground was made. Defendant answered the amended bill, and never made any motion to have the appointment revoked or the receiver discharged. And although, in the stipulation mentioned, it was recited that it should be "without prejudice to the right of said defendant to a review upon appeal of the order of the circuit court appointing said receiver," it appears from the assignment of errors on the appeal which followed to this court, and which are set forth in the present record, that no question was raised or presented on that appeal as to the appointment of the receiver. As the appointment of the receiver was a proceeding in the cause prior to that appeal, the failure to question it upon that appeal was an acquiescence in the receivership, and no dispute as to the propriety or regularity of the appointment when made could afterwards be considered. As before stated, the decision of this court upon that appeal did not rest upon the sufficiency or insufficiency of the averments of the bill, but on a determination of the merits of the cause as disclosed by the proofs.

The defendant was not entitled to interest on the money for which the property was sold during the time that money was held by the receiver. The money in the hands of the receiver was in the custody of the court (Radford v. Folsom, 55 Iowa, 276, 7 N. W. 604), and it

was held by the receiver in accordance with defendant's written stipulation that it should be so held.

The amount of compensation to be allowed a receiver for services and expenditures, and whether the same should be paid from the fund accumulated in the receivership or charged in whole or in part to the party who procured the appointment are matters to be determined upon equitable considerations. Here the appointment of the receiver was proper, when made. No showing to the contrary was attempted by the defendant, whose proceedings and conduct showed acquiescence in the receivership throughout. The receiver acted honestly, prudently, and efficiently in caring for the property, preparing it for market, removing it to a better market in season to avoid a considerable charge of taxes, and in the sale of the property; realizing, as the court found, after the deduction of all of his charges and claims for compensation, a much larger sum than would have been obtained by the defendant had he sold the property as he had purposed when stopped by the receivership. No reason appears why the receiver's fair compensation and just expenditures should not be paid from the fund obtained from the sale of the property, the value of which and amount realized was so increased by his services and expenditures, instead of being charged to the complainant, even though the latter failed to recover in the suit. High, Rec. § 796; Hembree v. Dawson, 18 Or., 474, 23 Pac. 264; Jaffray v. Raab, 72 Iowa, 335, 33 N. W. 337. The defendant was not damaged, but actually benefited, by the receivership, and the court modified, reduced, and disallowed the receiver's charges to as great an extent as the evidence warranted.

The decree appealed from is affirmed, with costs.

SANBORN, Circuit Judge (dissenting). It is conceded that the defendant in this case is not entitled to recover of the receiver appointed by the court the interest on the $5,000, the proceeds of the flax, from February 1, 1900, to June 1, 1901, the time during which he kept this money in his control. That, however, is not the question presented by this case. This is an appeal from a judgment of taxation of costs against the complainant. The defendant below (the appellant here) claims that he is entitled to recover against the complainant, as costs, the damages which he suffered by the detention by the receiver of this $5,000 from February 1, 1900, to June 1, 1901. The complainant brought a bill in equity, and caused this receiver to be appointed, and caused the flax to be taken into his possession, against the will and over the objection of the defendant. After this had been done, the defendant stipulated with the plaintiff, "reserving all of his rights and waiving none whatsoever by this stipulation," that the receiver might sell the flax at private sale for $5,000, and might hold the money in lieu of the flax until the final determination of the action, "without prejudice to any claim for damages or otherwise that the defendant might have against the complainant by reason of the appointment of said receiver or the taking of said flax." The final determination of the action was that the complainant never had any cause of action against the defendant, or any right to the appointment of the receiver, and his bill was dismissed. The defendant then pre-

sented his items of costs and damages against the complainant, among which was the item for interest upon the $5,000 during the one year and four months that it had been held by the receiver by reason of the wrongful commencement and maintenance of the action by the complainant. In my opinion, the amount of interest upon this $5,000 at the legal rate for the time that it was thus detained by the action of the complainant is the proper measure of damages for that detention for which the complainant is liable, and against whom it should be taxed in this action. The defendant is entitled to recover of the complainant all the damages which he sustained by the wrongful taking of the flax by the receiver on the complaint of the plaintiff. If the flax had been held without sale, the defendant would have been entitled to recover the value of the flax and the value of its use during the time it was detained by the receiver. When it was sold, and converted into money, the defendant was entitled to that money. The wrongful maintenance of the action for a year and four months after the money was obtained by the receiver deprived the defendant of the interest upon it during that time, and this amount should, in my opinion be taxed against the complainant, and recovered by the defendant in this action.

2. The appellant has made a motion that the appellee be required to pay the costs of printing the portions of the record which he designated on the ground that they were irrelevant to the issues presented to this court. These portions of the record consist of inspectors' and weighmasters' certificates (folios 72 to 94, record), the designation of parts of the record to be printed on the original appeal (folios 160 to 163), and the appellant's assignment of errors on the original appeal. The motion of the appellant in this behalf should be granted, because none of the matters here specified relate in any way to the issues presented upon this appeal.