## CASTO v. EIGEMAN.

[No. 20,323.    Filed April 21, 1904.]

APPEAL AND ERROR.—Dismissal of Cause.—Exceptions.—Plaintiff is in no position to question on appeal, the action of the trial court in dismissing his action and rendering judgment against him for costs, where no objection was made to the order of dismissal, and no motion for a new trial, or to set aside the order dismissing the suit, appear in the record. pp. 507, 508.

COSTS.—Judgment on Dismissal.—A judgment that the cause be dismissed and that "defendant recover from plaintiff all costs herein expended" is the proper one to be entered upon an order of dismissal. p. 508.

SAME.—Judgment.—Motion to Modify.—Where a cause was dismissed and defendant awarded "all costs herein expended," the words "all costs herein expended" meant only such costs as were authorized by law and could be properly taxed in favor of defendant; and a motion by plaintiff for a modification of the judgment and a re-taxation of the costs was not the proper remedy to correct a supposed error in the taxation of costs. pp. 508, 509.

From Dubois Circuit Court; E. A. Ely, Judge.

Action by Jabez C. Casto against John G. Eigeman. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*Josiah T. Walker,* for appellant.

DOWLING, J.—The appellant sued the appellee for damages on account of the breach of a contract in writing for the sale and conveyance of real estate. The cause was tried by a jury, and before the introduction of the evidence was finished, upon proof by the appellee of very gross misconduct of the appellant affecting the trial itself, all the attorneys for the appellant withdrew from his case, and the court, without objection on the part of the appellant, dismissed the suit at his costs. No motion to vacate the order of dismissal or to reinstate the action was made. The judgment was in these words: "It is therefore considered and adjudged by the court that this cause be dismissed, and that the defendant recover from the plaintiff all costs herein expended." Afterwards, at the same term of the court, the appellant asked for a modification of the judgment and a re-taxation of the costs, and filed his motion therefor. No ground whatever for a modification of the judgment was stated, nor was the nature or extent of the proposed modification suggested. He alleged in his motion that the defendant's costs amounted to $270.60, and, without assigning any reason for such relief, he demanded that the whole of these be taxed against the defendant. It was further averred in the motion that the fees for witnesses for attendance at the October term, 1901, amounting to $76.05, "were not claimed or demanded by any of such witnesses until the 21st day of March, 1902, at a subsequent term of said court, viz., March term, 1902, and that he is unable to find the return of any subpœna for such witnesses." The motion was verified, and appellant filed with it a certificate of the clerk of the court stating substantially the same facts. The motion was over-

ruled, and the appellant excepted. These proceedings and papers are brought into the record by a bill of exceptions. Error is assigned upon this ruling.

No objection having been made by the appellant to the order of the court dismissing his action, and no motion for a new trial, or to set aside the order dismissing the suit, appearing in the record, the appellant is not in a position to question the correctness of the proceedings of the court in dismissing the action and rendering judgment against him. The judgment is regular in form, and was the proper one to be entered upon such an order. No modification was shown to be necessary, nor was any change in its terms requested. If the object of the motion to modify was to correct a supposed error in the taxation of the costs, the appellant mistook his remedy. The judgment did not mention the amount of the costs, but was for "all costs herein expended." This meant only such costs as were authorized by law and could be properly taxed in favor of the defendant below. *Wilson* v. *Jenkins,* 147 Ind. 533; *Mott* v. *Slate, ex rel.,* 145 Ind. 353.

The part of the motion to re-tax the witness fees for the October term, 1901, because not claimed in time, is so indefinite that we must presume that the action of the court overruling it was correct. They may not have been "taxed" at all, or they may have been voluntarily paid by the appellant. The bill of exceptions states that on the hearing of the motion to re-tax the costs "no evidence was given or heard other than the verified motion itself, and the certificate of the clerk attached thereto." The latter was not a copy of any record, but a mere voluntary statement by the clerk. Neither of these constituted evidence of the taxation and entry of the witness fees on the proper fee book and record. The court may have considered the evidence insufficient for this reason. §466 Burns 1901; *Louisville, etc., R. Co.* v. *Palmer,* 13 Ind. App. 161; *Garn*

v. *Working,* 5 Ind. App. 14; *Thompson* v. *Doty,* 72 Ind. 336; *Thompson* v. *Jacobs,* 74 Ind. 598.

There is no error in the record. Judgment affirmed.