BROCK ET AL. v. RUDIG ET AL.

[No. 9,532.   Filed May 15, 1918.   Rehearing denied December 18, 1918.   Transfer denied January 22, 1919.]

1. APPEAL.—*Judgments Appealable.*—*Judgment for Receiver's Fees.* —A judgment in favor of a receiver for certain items claimed in his report, though taxed as costs, does not involve a mere matter of costs, and is appealable, the subject-matter of the appeal being not the ordinary fees of officers, commonly designated as court costs, ascertained by reference to statute, collectible by fee bill, and recoverable under an ordinary judgment for costs against a losing party. p. 194.

2. RECEIVERS.—*Expenses of Receivership.*—*Liability.*—*Recovery under Judgment.*—Under a judgment rendered on the trial of a cause on its merits, a party can recover only the costs which he has paid or for which he has become liable in the action, and the expenses of a receivership are never covered by such a judgment, even where the receiver is appointed on the application of the party recovering the judgment, as the expenses attending the administration of the receivership, although incurred during the progress of the suit, are not incurred therein, nor are they the expenses of either the plaintiff or defendant, and are not fees or costs which can be charged against the unsuccessful party to the litigation merely because of that fact. pp. 194, 195.

3. RECEIVERS.—*Officer of Court.*—*Expenses of Receivership.*—A receiver is an officer of the court, coming under its sole direction as soon as he is appointed and qualified, and the parties have no authority over him, nor are the liabilities he creates primarily their liabilities. p. 195.

4. RECEIVERS.—*Expenses of Receivership.*—*Res Judicata.*—*Judgment for Costs.*—A judgment for costs in defendant's favor, rendered on the trial of the case on its merits, did not preclude the court from charging the expenses of a receivership against defendants on the determination of the issues raised by their exceptions to the receiver's report. p. 195.

5. RECEIVERS.—*Expenses of Receivership.*—*Liability.*—Where the object of a receivership is to preserve the property pending a determination of the rights of the parties to the litigation with reference thereto, and there is no question as to the legality or propriety of the receiver's appointment, the successful party, availing himself of the results of the litigation, must take the property subject to the expenses of the receivership. p. 196.

6. RECEIVERS.—*Improper Appointment of Receiver.*—*Expenses.*— *Liability.*—Where a court has no power or authority to appoint a

receiver, or where the appointment is improperly made, the receiver cannot have his compensation or expenses paid from the property or funds in his hands, but must look to the party at whose instance he was appointed. p. 196.

7. RECEIVERS.—*Expenses of Receivership.—Liability.—Equitable Apportionment.—Discretion of Court.*—The mere fact that a party is successful on the merits of the action giving rise to the appointment of a receiver is not conclusive in determining who shall bear the expenses of the receivership, which, in the absence of a statute as in this state, should be adjudged, as between the parties, on equitable principles, so that the courts exercise a large discretion in determining who shall pay receivership expenses, and may assess them against the fund, or against either party, or apportion them according to the justice and equity of each case. p. 197.

8. RECEIVERS.—*Appointment without Notice.—Legality.—Statute.*—That a receiver was appointed without notice would not necessarily render the appointment illegal, as §1288 Burns 1914, §1230 R. S. 1881, provides that receivers may be appointed without notice upon sufficient cause shown by affidavit. p. 198.

9. RECEIVERS.—*Appointment Pending Suit.—Finding.—Scope.—Improvident Appointment.*—Although the appointment of a receiver was one of the objects of the complaint, the court's finding against plaintiffs generally on the trial of the cause on its merits was not in effect a finding that the receiver was improvidently appointed, as there was no issue involving the receiver's appointment made long before trial, before the court when the cause was heard on its merits. p. 198.

10. APPEAL.—*Review. — Judgment. — Presumption Favoring Trial Court.*—On appeal the presumption is in favor of the judgment of the trial court. p. 198.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Carrie Rudig and others against Frank H. Brock and others, wherein Forest W. Kelsey was appointed receiver. From a judgment in favor of the receiver against defendants, for items claimed in his report, the defendants appeal. *Affirmed.*

*Simmons & Dailey* and *Watkins & Butler,* for appellants.

*Bowers & Feightner* and *Sturgis & Stine,* for appellees.

BATMAN, P. J.—On September 21, 1914, appellees other than Forest W. Kelsey, receiver, filed their complaint in this cause against appellants to rescind a certain contract for the exchange of property, and to have a receiver appointed for a certain stock of goods involved in such exchange. The court thereupon without notice appointed Forest W. Kelsey as such receiver, who qualified on the following day, and assumed the duties of his trust. The receiver subsequently filed a petition asking leave to sell the stock of goods at retail, and appellants filed their petition asking that the receiver be discharged, both of which petitions were denied. A third paragraph of complaint was subsequently filed, and after issues were duly joined, the cause was submitted to the court for trial on its merits. On request the court made a special finding of facts, and stated thereon, as its conclusions of law, that appellees were not entitled to recover on their complaint, and that appellants were entitled to recover of appellees their costs in this action. On May 29, 1915, judgment was duly rendered on said conclusions of law, which provided that plaintiffs take nothing by their complaint in this action, and "that the defendant recover of the plaintiffs their costs in this behalf expended." It was further ordered that the said receiver restore the stock of goods to the defendant Frank H. Brock and that he make report of his doings in the premises.

On June 4, 1915, the receiver filed his report in compliance with such order, and made claim for the sum of $449 on account of rent of the storeroom, services of night watchman, and the services of himself and

his attorneys, rendered in the administration of said trust. On September 11, 1915, appellants filed their exceptions to said report on the grounds: (1) That the receiver was appointed without notice, to which appointment appellants objected as soon as they had notice thereof, and that they never consented thereto; (2) that said receiver had contemptuously neglected and refused to deliver the stock of goods in question to appellants, in pursuance to the order of the court made on May 29, 1915, and had stated that he would not do so until he had been paid the amount claimed in his said report; (3) that certain items in his said report for rent and receiver's services had accrued since the making of his report on June 4, 1915, and that the receiver had refused to surrender said stock of goods to appellants.

The issues raised by said report and the exceptions thereto were submitted to the court, and a finding was made in favor of the receiver on the items claimed in his report in the sum of $419, which was ordered taxed as costs in said cause, and judgment was rendered in favor of the receiver against appellants for said sum, together with the costs in this behalf laid out and expended. Appellants filed their motion for a new trial, which was overruled, and now prosecutes this appeal from said judgment. Errors are duly assigned, which require a consideration of the questions hereafter determined.

Appellees contend that appellants have failed to comply with Rule 22 of this court in the preparation of their brief. Appellants, by leave of court, have made certain amendments thereto, so that we may now say that there is such a compliance with the rules as to require a consideration of the points presented.

Appellees also contend that this appeal should not be entertained, as it involves a mere matter of costs.

1. This contention is not well taken. The subject-matter of this appeal is not the ordinary fees of officers, commonly designated as court costs, ascertained by reference to statute, collectible by fee bill, and recoverable under an ordinary judgment for costs against a losing party. It involves matters of compensation, not fixed and determined by statute, but such as require judicial investigation and determination. The cases cited by appellees, therefore, are not applicable.

Appellants have assigned a number of alleged errors in this court as grounds for reversal, but all

2. in their final analysis are based on the action of the court in charging them with the expenses of the receivership in this cause. They contend that their judgment for costs, rendered on the trial of the cause on its merits, was a final determination of their liability for costs in this action, and as that judgment was never set aside or modified, the latter judgment against them for costs, on a determination of the issues raised by their exception to the receiver's report, was unauthorized. This contention requires a consideration of what costs were included in appellants' judgment, rendered on the trial of the cause on its merits. It has been repeatedly held that, under such a judgment, a party can recover only the costs which he has paid, or for which he has become liable in such action. *Armsworth* v. *Scotten* (1868), 29 Ind. 495; *Hays* v. *Boyer* (1877), 59 Ind. 341; *Mott* v. *State, ex rel.* (1896), 145 Ind. 353, 44 N. E. 548; *Wilson* v. *Jenkins* (1896), 147 Ind. 533, 46 N. E. 889; *Bollman* v. *Gemmill* (1900), 155 Ind. 33, 57 N. E. 542; *Casto* v. *Eigeman* (1903), 162 Ind. 506,

70 N. E. 807; *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361. Under this rule it is quite clear that the expenses of a receivership are never covered by such a judgment, even where the receiver is appointed on the application of the party recovering the same. This is true for the very apparent reason that such expenses are not costs made by him. As stated by the authorities, a receiver is an officer of the court. As soon as he is appointed and qualified he comes under its sole direction. The parties have no authority over him, and the liabilities which he creates are not primarily their liabilities. The expenses which attend the administration of his trust, although incurred during the progress of the suit, are not incurred in the suit. They are not expenses of either the plaintiff or defendant, and are not fees or costs which can be charged against the unsuccessful party to the litigation merely because of that fact. *Atlantic Trust Co.* v. *Chapman* (1908), 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155; *Beckwith* v. *Carroll* (1876), 56 Ala. 12; *Farmers' Loan Co.* v. *Oregon, etc., R. Co.* (1897), 31 Ore. 237, 48 Pac. 706, 38 L. R. A. 424, 65 Am. St. 822; *McLean* v. *Gillespie* (1906), 130 Ill. App. 356; *Herrick* v. *Miller* (1890), 123 Ind. 304, 24 N. E. 111; *Hay* v. *McDaniel* (1901), 26 Ind. App. 683, 60 N. E. 729; *Chicago, etc., R. Co.* v. *Kenney* (1902), 29 Ind. App. 506, 68 N. E. 20. We therefore conclude that the judgment for costs in appellants' favor, rendered on the trial of the cause on its merits, did not preclude the court from charging the expenses of the receivership against them on the determination of the issues raised by their exceptions to the receiver's report.

Appellants further contend that, since they were successful on the trial of the cause on its merits, the expenses of the receivership should not have been assessed against them, or made a charge on the property in the hands of the receiver, but should have been assessed against appellees, who procured the appointment of the receiver, and were unsuccessful in the trial of the cause on its merits. As affecting this contention it may be stated that the rule appears to be well settled that where the object of the receivership is to preserve the property pending a determination of the rights of the parties to the litigation with reference thereto, and there is no question as to the legality or propriety of the appointment of such receiver, the successful party availing himself of the fruits of the litigation must take the same subject to the burden of the expenses of the receivership. *Frick* v. *Fritz* (1904), 124 Iowa 529, 100 N. W. 513; *Hopfensack* v. *Hopfensack* (1880), 61 How. Pr. 498; *Ferguson* v. *Dent* (1891), 46 Fed. 88; *Jaffray & Co.* v. *Raab* (1887), 72 Iowa 335, 33 N. W. 337; *McLean* v. *Gillespie, supra; Radford* v. *Folsom* (1880), 55 Iowa 276, 7 N. W. 604; *Beckwith* v. *Carroll, supra; Elk Fork, etc., Co.* v. *Jennings* (1898), 90 Fed. 767. But where a court has no power or authority to appoint a receiver in any event, or where, though the court has authority, the appointment is improperly made, the receiver cannot have his compensation or expenses paid from the property or funds in his hands, but must look to the party at whose instance he was appointed. *Atlantic Trust Co.* v. *Chapman, supra; Frick* v. *Fritz, supra; French* v. *Gifford* (1871), 31 Iowa 428; *Howe & Co.* v. *Jones* (1885), 66 Iowa 156, 23 N. W. 376; *Ephraim* v. *Pacific Bank* (1900), 129 Cal. 589, 62 Pac. 177; *Highley* v.

*Deans* (1897), 168 Ill. 266, 48 N. E. 50; *Moyers* v. *Coiner* (1886), 22 Fla. 422; *Bellamy* v. *Washita, etc., Tel. Co.* (1909), 25 Okla. 18, 105 Pac. 340, 25 L. R. A. (N. S.) 412; *McBride* v. *Coleman* (1918), — Ind. App. —, 119 N. E. 152. It thus appears that the mere fact that a party is successful on the merits of the action, giving rise to the appointment of a receiver, is not conclusive in determining who shall bear the expenses of such receivership. It is generally accepted that, in the absence of a statute, the expenses of a receivership, as between the parties, should be adjudged upon equitable principles. 34 Cyc 364; *Geer* v. *Finn* (1917), 196 Mich. 738, 163 N. W. 20. In accord with such rule, the courts exercise large discretion in determining who shall pay the expenses of receiverships, and assess the same against the fund, or against either party, or apportion them, according to the justice and equity of each case. *Espuela Land, etc., Co.* v. *Bindle* (1895), 11 Tex. Civ. App. 262, 32 S. W. 582; *Mallette* v. *Fort Worth, etc., Co.* (1899), 21 Tex. Civ. App. 267, 51 S. W. 859; *Kell* v. *Trenchard* (1906), 146 Fed. 245, 76 C. C. A. 611; *Hembree* v. *Dawson* (1890), 18 Ore. 474, 23 Pac. 264; *French* v. *Gifford, supra; Bellamy* v. *Washita, etc., Tel. Co., supra,* note p. 418. In this state there is no statute governing the payment of the expenses of a receivership, and it appears that the general rule of equitable determination ought to prevail. Appellants, therefore, could not demand that they be relieved from the payment of the expenses of such receivership on the mere fact that they had prevailed on the merits of the main action.

It should be noted that there was no appeal from the order appointing such receiver, and that in pre-

senting this appeal appellants have not made any contention against the legality of such appointment, except to assert that it was made without notice. This fact would not necessarily render such appointment illegal, as §1288 Burns 1914, §1230 R. S. 1881, provides for such an appointment. But appellants contend that the appointment of a receiver was one of the objects of the complaint in this action, and, as the court found against appellees generally, it was in effect a finding that such receiver was improvidently appointed. We cannot concur in this contention. The record discloses that the receiver had been appointed long before the trial of the cause on its merits. There is nothing to show that such appointment had ever been set aside, and hence no issue involving the appointment of such receiver was before the court when the cause was heard on its merits.

The trial court had all the facts of the case before it, and was possessed of large judicial discretion in determining who should pay the expenses of such receivership. It has adjudged that appellants should pay the same, and the presumption is in favor of such action on appeal. The record fails to disclose any fact which would authorize a conclusion that reversible error had been committed.

Judgment affirmed.