HALLIE D. ELKINS *v.* DAVIS COLLIERY COMPANY, *A corporation, et al.*

(CC 466)

Submitted January 25, 1933.   Decided January 31, 1933.

*S. T. Spears,* for plaintiff.
*Cyrus S. Kump,* for Valley Supply Co. and others.
*C. O. Strieby,* for Brown-Kendall Co. and others.
*D. H. Hill Arnold,* for Appaline Oil Co. and others.

HATCHER, JUDGE:

The circuit court overruled demurrers to several petitions seeking to recover from Mrs. Hallie D. Elkins the expenses

of a receivership, sustained demurrers to her answer to the petitions, and then certified to this court the sufficiency of the pleadings.

The petitions were filed in the chancery suit of Mrs. Elkins v. Davis Colliery Company et al. The record in that suit shows that it was instituted on June 9, 1928; that Davis Colliery Company (hereinafter called the Company) was then heavily involved financially (though not theoretically insolvent according to the bill); that Mrs. Elkins was one of its creditors; that none of its other creditors were made parties to the bill (though later the creditors appeared before a commissioner appointed to state an account and in that way did become parties); that without notice to the other creditors and with the concurrence of the Company, she had the court appoint an operating receiver of the Company (its secretary), and enjoin the creditors from proceeding against it pending his control; that his management was profitless; and that after more than two years delay the property of the Company was sold (pursuant to the report of the commissioner) and did not bring enough above the demands of its intervening landlord to pay (1) a balance due on the salary allowed the receiver (a petitioner), or (2) the approved claims of a *number of creditors of the receiver* (the other petitioners).

The petitions of A. T. Hodges (the receiver), W. R. Cromwell and Valley Supply Company advance their several unpaid claims against the receiver, show the exhaustion of the assets of the Company, and refer to all the papers in the suit (Elkins v. Davis Col. Co.) The petition of Valley Supply Company alleges also that the sole purpose of that suit was to shield the properties of the Company from its creditors. The petitions of Appaline Oil Company et al. and Brown-Kendall Company et al., allege further that Mrs. Elkins was only a common creditor of the Company and had no lawful right to maintain the suit; that the same attorney represented her, the Company and the receiver; that she is the sister of John Davis, the chief stockholder of the Company (its total issue of stock was 2851 shares and he owned 2663 shares); that the suit was brought and the receiver appointed wrongfully for the purpose of delaying the creditors of the Com-

pany and of serving the interests of Mr. Davis; and that thereafter Mrs. Elkins made no effort to speed the cause, but took steps to delay it. Some of the petitioners allege an assurance from the receiver that the attorney of the plaintiff had said she would be responsible for the receiver's debts. The answer of Mrs. Elkins denies delaying or intending to delay the creditors, or that her attorney made any representation to the receiver that she would be liable for the expenses of the receivership etc,

The rule is well settled that, ordinarily, creditors of a receiver must look for payment to the property in the custody of the court, and they have no claim whatever on any of the parties to the litigation. High on Receivers (4th Ed.) sec. 809a; 53 C. J., subject Receivers, secs. 496, 501, 503; 23 R. C. L., subject Receivers, secs. 116, 117. We are aware it has been held that when there was no authority to appoint the receiver or when the appointment was improper, the expenses of the receivership were chargeable to the party who secured the appointment. But that holding is by no means arbitrary. It is usually resorted to in a case where there is a finding against the party who had the receiver appointed, or where there is some peculiar circumstance warranting the charge of the expenses to such party—a situation not existing in the instant case. See opinion in *Atl. Tr. Co.* v. *Chapman,* 208 U. S. 360, 13 A. & E. Ann. Cases 1155. The propriety of appointing the receiver herein and the delay in pressing the cause were essentially matters effecting only the Coal Company, its stockholders and creditors—none of whom protested. We cannot see how any irregularity or delay in the cause prejudiced these petitioners in the least. They knew the entire situation, or are charged with such knowledge. They certainly knew that the affairs of the Company were in a precarious condition and that its operation by the receiver was a financial adventure. In advancing the receiver credit without any assurance from the court as to payment, they became, in a way, "co-adventurers in the risk." Mrs. Elkins did nothing to mislead them or induce the extension of credit to the receiver. She was given no hint or warning in the progress of the cause by the court or any one else that she should underwrite the receiver. He did not represent her

and she had no authority over him or his contracts. His appointment was made under the discretion of the court and he was the agent solely of the court. *Brock* v. *Rudig,* 69 Ind. App. 190. In contemplation of law, his acts and obligations were the acts and obligations of the court. *Atl. Tr. Co.* v. *Chapman, supra.* It would be manifestly unfair to hold Mrs. Elkins responsible for acts (of the receiver) which she could not control or even influence.

In a case similar in all material respects to this, the supreme court of Oregon held that the party causing the appointment of the receiver was not liable "unless such liability was imposed by the court as a condition of the appointment or the continuance of the receiver in office." *Loan Co.* v. *R. R. Co.,* 31 Ore. 237. That case was quoted with approval in *Atl. Tr. Co.* v. *Chapman, supra,* and in our judgment, presents the correct rule to apply in the instant case.

The demurrers to the several petitions should have been sustained, and the rulings of the circuit court thereon are accordingly reversed.

*Reversed and remanded.*